ASHMUN F. COLLIER'S LESSEE *v.* JOHN A. UNDERWOOD ET AL.

LAND LAW.    *Occupant Right not inheritable.*

An occupant enterer under the laws of Tennessee prior to the act of 1840, ch. 62, acquired no right in the soil, but merely a personal privilege which was not inheritable.

TOTTEN, J., delivered the opinion of the Court:

The action is ejectment in the Circuit Court of Weakley, for two hundred acres of land, and the material facts of the case are these: In March, 1835, Henry H. Hicks entered the land in question, " in virtue of the occupant law of 1832," and claimed it as an occupant.

In 1837 he went to Kentucky to work at the carpenter trade for a time, intending to return, but died there during the same year. He had never been married, and the defendants are his collateral heirs at law. On the 16th November 1846, A. T. Collier, the plaintiff's lessor, entered the same land, and it was granted to him on the 2nd of October, 1847.

The Court was of opinion and so instructed the jury: 1. That, Henry H. Hicks in virtue of his occupancy, had such an interest in the land at the time of his death, as to descend to his heirs. 2. That the grant relied upon by the

plaintiff was void upon its face. We are of opinion that the court erred in both of the propositions here stated.

Persons claiming occupant pre-emptions, under the laws of Tennessee, acquired thereby no interest in the public domain, except that of possession and pre-emption. The state having no right to the land, could have no interest in it, except as allowed and permitted by the true owner, that is, the United States.

The occupant laws do not confer or attempt to confer an interest in the soil; the claimant in possession who has complied with the laws, has the right to retain his possession, he may assign his right to another, or hold his possession by another, and the person entitled to the possession has the exclusive right for the time limited, to procure the grant of the state. Nor is it necessary to the continuance of an occupant's claim that the owner continue in possession, provided the claim was originally valid, and the party was not out of possession with any intention to abandon it. Such is a general description of this species of claims prior to the Act, 1840, ch. 62, which goes still further and provides that the owner of an occupant claim may dispose of the same by will, or in case of his intestacy, it is made subject to division among his heirs at law in the same manner as real estate.

The act does not attempt to impart to occupant claims any inheritable quality, but merely to designate the person in whom the right of occupancy and pre-emption shall be continued.

It has however no application to the present case, as the occupant claimant, H. H. Hicks, died in 1836 ; that is, before the act was passed. Now his right being merely a personal privilege, and not any interest in the

soil, it did not descend to his heirs, and unless it was trans-ferred during his life, it necessarialy became extinct at his death.

As to the grant, we do not think it void from any thing appearing on its face. It is in proper form, and was executed by the proper officers of state. The land was subject to be granted upon the occupant entry if it remained a valid and subsisting claim; if not, then upon general entry.

Whether it was the one or the other does not appear on the face of the grant, and if it were granted upon the occupant claim, it cannot appear on the face of the grant that the grantee is not the proper owner by assign-ment, of the claim. If we go behind the grant, it will appear that the plaintiff entered the land as assignee of the occupant claim in question, but there is no proof of the original assignment to him.

On the other hand, the defendants assuming that there was no assignment of the occupant right, insist that at the death of the original occupant, the claim descended to them as his heirs at law. We have seen that no such title to an occupant claim could exist prior to the act of 1840, and that upon the death of the tenant the claim be-comes extinct, and the land subject to general entry. The grant is not, therefore void under the statute, by reason of any conflict with the claim in question—it not being a valid and subsisting claim at the time the land was granted to the plaintiff.(1)

The judgment will be reversed and the cause remanded for another trial.

*Judgment reversed.*

(1) Brown v. Massey, 3 Humph. 470; Edwards v. Batts, 5 Yerg. 441; Scott v. Price, 2 Head, 532; McKenzie v. Meeks, *Infra.*