**MOGAVERO, d. b. a. LOMBARDO'S RESTAURANT, Appellant-Appellee, v. BOARD OF LIQUOR CONTROL, Appellee-Appellant.**

Ohio Appeals, Tenth District, Franklin County.

No. 6095.   Decided May 5, 1959.

Tyack & Gertner, George E. Tyack, of Counsel, Columbus, for appellant-appellee.

Mark McElroy, Atty. Genl., John W. Leibold, Asst. Atty. Genl., Columbus, for appellee-appellant.

## OPINION

By MILLER, J.

Submitted on motion of the appellee in this Court, seeking an order dismissing the appeal for the following reasons:

(1) The Bill of Exceptions required to portray the claimed error in the proceedings below has not been filed.

(2) The appeal is not properly taken pursuant to the provisions of §119.12 R. C.

An examination of the record reveals that the hearing in the Court of Common Pleas was had upon the record made before the Board of Liquor Control, and that no additional evidence was taken. Therefore, the appeal before this Court is upon that same record as that considered by the Common Pleas Court and no bill of exceptions is required. The First Branch of the motion will be overruled.

The Second Branch of the motion raised the jurisdictional question whether or not the Board has the right to prosecute this appeal under the provisions of §119.21 R. C. Counsel for the appellee urge that under this section the Board has no right of appeal as the Common Pleas Court did not pass upon the construction or interpretation of any rule or regulation of the agency, citing **Katz v. Board of Liquor Control, 166 Oh St 229.**

We note that an attempt has been made by the Board to bring itself within the provisions of the Revised Code, for the first assignment of error alleges that:

(1) The Court of Common Pleas erred to the prejudice of appellee-appellant in its interpretation and application of Regulation 53 of the Board of Liquor Control.

Now is the mere allegation by the Board that the court erred in its "interpretation and application of Regulation 53" sufficient to confer jurisdiction upon it to prosecute the appeal, or must the record support the conclusion also? We hold the latter to be correct; hence, it becomes pertinent to look to the journal entry and, in so doing, we find it states that the Court finds "there was no placing or taking of bets on the permit premises." This was a factual finding contra to that of the Board. Therefore, the order of the Board was not supported by the proper degree of proof.

As we view the record, Regulation 53 of the Board of Liquor Control above referred to forbids gambling on the premises. Judge Reynolds of the Common Pleas Court held that the gambling, if any, occurred outside and away from the permit premises. As we view it, the question arising in such case is not a matter of interpretation of the Regulation. Interpret means to explain. Judge Reynolds based his ruling upon the facts.

It is, therefore, our conclusion that the Second Branch of the motion is well taken, and that the Board of Liquor Control under the circum-

stances in this case lacks the authority to prosecute an appeal to this Court under §119.12 R. C.

BRYANT, PJ, DUFFY J, concur.