THE O. S. KELLY COMPANY V. W. S. McCARTY *et al.*
No. 13,519   (88 Pac. 882.)

CHATTEL MORTGAGES—*Mortgagee Authorized to Sell Property without Advertisement—Good Faith Required.* Where a mortgagor of personalty charged the mortgagee with bad faith in advertising the sale of the property to take place twenty miles distant from where the property was located, and purchasing it himself for a nominal sum, a judgment for the mortgagor was affirmed, although the mortgage authorized the mortgagee, upon default, to take possession of the property and sell it without advertisement at public or private sale.

Error from Linn district court; WALTER L. SIMONS, judge. Opinion filed February 9, 1907. Affirmed.

*John C. Cannon,* for plaintiff in error.

*Rich & Campbell,* and *John W. Poore,* for defendants in error.

*Per Curiam:* This was an action to recover upon two promissory notes given to plaintiff by the defendants for the purchase of a thrashing-machine engine,

separator, and a wagon and certain attachments. The plaintiff held a mortgage upon this and other property, which it had foreclosed, and, after paying the expenses thereof, credited the proceeds on the purchase-price, which according to its calculations left a balance due amounting to $669.17 and interest, which it sought to recover.

The answer claimed some additional credits, by reason of some small payments and the sale of other mortgaged property, which if allowed would have considerably reduced the amount of the plaintiff's claim. The defendants by way of a cross-petition charged that when the plaintiff took possession of the engine, separator and wagon this property was of the value of $650; that plaintiff advertised that a sale of this property would take place at a certain livery barn in the city of Mound City, at a date designated; that the property was sold at that time and place and purchased by the plaintiff for $75; that at the time the property was at Findley, twenty miles distant; that because of the absence of the property from the place of sale persons contemplating purchasing that kind of property were denied an opportunity of examining it, thus defeating competitive bidding; and that the property was sacrificed to the plaintiff for a merely nominal sum. It was also charged that the property was then of the reasonable value of $650, and asked that this amount be adjudged a counter-claim against the plaintiff's claim.

A verdict was returned, and judgment rendered, for the defendants. The only errors complained of in this court are that the court should have allowed the plaintiff's motions for judgment on the pleadings and for a new trial.

No reason is given why either of these motions should have been allowed, except this quotation from the mortgage: "Advertisement and sale according to law being hereby waived." No application is attempted to be made of this clause, and no suggestion

is offered as to its importance or bearing upon either of the questions presented, and we are unable to apply it.

The mortgage contained a provision authorizing the mortgagee, upon default, to take possession of the mortgaged property and sell it without advertisement at public or private sale. Such a provision will not, however, protect the mortgagee from answering to the owner of the property for the value thereof, where it is shown that he has not acted in good faith in disposing of mortgaged property. He is a sort of trustee for the mortgagor, and is required to act in good faith and exercise care and diligence in selling the mortgaged property; otherwise he is chargeable with its reasonable value.

The judgment is affirmed.