King, J.,
delivered the opinion of the court.
Plaintiff in error, as plaintiff helow, brought its action against the defendant on five promissory notes for-the principal sum of $650, set forth in haec verba. To this complaint defendant filed his answer consisting of five separate defenses. The first was a denial of immaterial averments, and did not state facts sufficient to constitute a defense.. The fourth alleged a rescission of the sale of an engine, in payment of which the promissory notes were given, but this allegation was not supported by the proof, and this defense will not be further noticed. The second, third and fifth defenses alleged, in different forms, payment of the notes. The second alleged that the notes were given in payment of the purchase price of a certain engine sold by the plaintiff to the defendant July 20th, 1901; that to secure payment of said notes defendant, at the time of making them, executed a certain chattel mortgage whereby he mortgaged to plaintiff the said engine, together with horses, wagon, threshing-machine, and other personal property, of the reasonable value of $2,500; that some time in 1902 the plaintiff seized said property so mortgaged and disposed of the- *560 same under the terms of the chattel mortgage and realised therefrom more than sufficient to pay the notes with interest and charges. The third defense alleged the execution and delivery of the notes and chattel mortgage in part payment of the purchase price of said engine, substantially as in the second defense, and alleged that at some date unknown to the defendant, plaintiff seized the property covered by said mortgage and sold the same, and out of the proceeds of such sale realized more than $1,000, by reason of which, defendant alleged, the notes had been fully paid and satisfied. The fifth defense alleged that the notes had been wholly paid and satisfied, but there was no evidence to support this allegation, otherwise than as alleged in the second and third defenses.
By its reply plaintiff admitted that the notes were given-in part payment of the purchase price of an engine sold by plaintiff to the defendant- on the date of the said notes, and that to secure the same the defendant executed his chattel mortgage “upon property described in said second defense”; that plaintiff took possession of said property under the mortgage and sold the same in accordance with the laws of Kansas, where the contracts were made, and the property situated, and denied each and every other allegation of all the defenses.
The due execution and delivery of the notes for a good consideration having been admitted, defendant assumed the burden of proof and opened and closed the case. The only evidence upon the part of the defendant was that given by himself wherein he stated that he had executed the notes at Barnard, Kansas, in payment for a compound engine purchased from the plaintiff herein; that the purchase price was $1,200 or $1,250; that he traded in a small engine at an agreed price of $100, and had assigned certain promissory notes for $200; that he used the new engine a short time, after which, *561 lie left it behind a shed on his father’s place and departed from, the state, and that it was not damaged with the exception of being greasy. He also stated that he left in Kansas some other property, consisting of team and wagons, harness, tank, and some farm implements; the value of which he did not know but estimated at about $300. There was no evidence to show that any of this property, aside from the new engine, was covered by the mortgage, or taken by the plaintiff. Plaintiff’s testimony showed that the chattel mortgage included nothing but the engine; that about fifteen months after the notes were given and several of them were past due, plaintiff foreclosed the mortgage; that the sheriff acted as its agent, went to the farm, found the engine exposed to the weather, took it to Barnard, posted four notices of sale to take place ten days thereafter, and at such public sale struck off said property to the plaintiff for the sum of $50, that being the highest bid made, and that this amount, less the expense, was credited upon one of the promissory notes. There was no evidence offered upon the part of either the plaintiff or the defendant as to the reasonable value, or market value, of the engine at the time when and place where it was sold, or elsewhere. The chattel mortgage provided that upon default plaintiff might take the property and sell it at the best price to be obtained at public sale, giving fifteen days’ notice thereof by posting in one or more public places in the town where the sale was to be made; or at private sale, with or without notice. The evidence showed that four notices were posted in the township, one of which was- in the town of Barnard, where the sale was to be made. The statute of Kansas provides that upon foreclosure of a chattel mortgage public notice of the sale shall be posted for ten days in four public places.
The contention of the plaintiff is that notice in conformity with the statute is sufficient, and made the sale *562 valid, notwithstanding the terms of the mortgage; while appellee contends that the notice must have been given in conformity with the mortgage, and further, that the evidence does not show that the notices were posted either for, the full ten days, or in four public places. In that respect the evidence of plaintiff was unsatisfactory. Inasmuch as the statute does not forbid a sale under conditions provided in a chattel mortgage, the public sale should have been made upon the notice provided in the chattel mortgage, to-wit, fifteen days.—Denny v. Van Dusen, 27 Kan., 437; Reynolds v. Thomas, 28 Kan., 810. For failure to give due notice the sale was not.good as a public sale, under the conditions of the mortgage; and while the mortgage also provides that the property may be disposed of at private sale, with or without notice,-and that at any sale the mortgagee may become the purchaser of the property, the attempted sale was not private. And both upon reason and authority we think the bid at such sale without due notice should not be held to measure the amount for which the defendant should have credit upon the notes; but that he would be entitled to credit for the reasonable value of the said engine, which would be the market value thereof at the- time and place of sale.—Jones on Chattel Mortgages, sec. 793; Waite v. Dennison, 51 Ill., 319; Kelly v. McCarty, 75 Kan., 818; McConnell v. People, 84 Ill., 583.
The court, by its instruction, submitted the cause to the jury upon the theory that the issues made were that plaintiff had wrongfully converted the engine which was really mortgaged, together with a large quantity of other personal property which was not mortgaged nor taken at all, and that, therefore, defendant must be allowed credit, as against the notes, for the value of all such property, which credit had not been given. But no such issue was made by the pleadings. The issue as in fact made by the answer and the replication is, not that *563 the property was unlawfully converted to the use of the plaintiff, but, that having been seized and sold under the terms of the chattel mortgage, the plaintiff realized thereby a sum in excess of the indebtedness represented by the notes. The case was so submitted, in part at least, upon the holding of the court that plaintiff’s replication admitted the mortgaging and the taking under the mortgage of this additional personalty. The reply construed most strongly against the plaintiff may be said to constitute an admission by it of the taking of such additional property. On the other hand, the answer construed most strictly against the defendant is an admission that whatever property was taken, was lawfully disposed of under the terms of the chattel mortgage, and thereby the defendant would be estopped from claiming credit for any greater sum than was received, in the absence of charges of fraud, actual or constructive.
It is obvious' that the cause was submitted to the jury upon instructions which neither covered the issues as made by the pleadings, nor the facts as disclosed by the evidence, even if the pleadings are to be considered as amended to conform to the evidence. Defendant had no right in justice or equity to have the value of his personal property, which was neither mortgaged to nor taken by the plaintiff, considered as against his debt evidenced by the- notes. While on the other hand, under the evidence, the engine was not disposed of as provided by the chattel mortgage, and therefore the defendant is not limited to the amount for which the same was bid in by the plaintiff, and which, presumptively at least, was not a fair value of the engine; but he is entitled to its fair and reasonable market value at the time when and the place where disposed of, or to the amount derived therefrom by the plaintiff at private sale, if so sold, at a fair price after reasonable diligence. But as to such value there is no evidence. The judgment is reversed *564 and tlie canse remanded for a new trial with permission to both plaintiff and defendant to amend their pleadings as they may be advised.

Reversed and Remanded.