## No. 8819.

### THE AULTMAN-TAYLOR MACHINERY CO. *v.* FORREST.

Decided October 8, 1917.   Rehearing denied December 3, 1917.

Action to recover balance due on promissory note after application of amount received from sale of chattel security.   Judgment for defendant.

### *Affirmed.*

1. CHATTEL MORTGAGE—*Sale of Property—Evidence of value.* Evidence of the amount mortgaged property sold for at a private sale in May, 1903, was properly excluded from the consideration of the jury, when offered to prove value of the property as of October 24, 1902, the date of the sale under the mortgage.

2. PLEADINGS—*Variance.* Where plaintiff alleges the amount received at a public sale of property under a chattel mortgage, he will not be permitted to prove the amount obtained at a subsequent private sale which was not pleaded.

3. APPEAL AND ERROR—*Findings of Fact.* Findings of a jury, justified by the evidence, will not be disturbed on review.

*Error to the District Court of La Plata County, Hon. W. N. Searcy, Judge.*

Messrs. PERKINS & MAIN, for plaintiff in error.

Messrs. RUSSELL & REESE, for defendant in error.

*En banc.*

MR. JUSTICE SCOTT delivered the opinion of the court.

THIS action is to recover on five promissory notes in the aggregate sum of $650.00 executed and delivered by the defendant in error, defendant below, to the plaintiff in error, plaintiff below, on the 20th day of July, 1901, secured by a chattel mortgage on a threshing machine engine. The notes and mortgage were executed within the state of Kansas, where the defendant then resided. The case upon a former trial was before the Court of Appeals, reported in 23 Colo. App. 558, 130 Pac. 1086.

The judgment of the trial court in favor of the defendant was reversed by the Court of Appeals and a new trial directed, with permission to the parties to amend their pleadings as they may be advised. Upon the present trial the plaintiff relied upon its original pleadings.

The defendant upon the first trial set up several separate defenses, the only one considered, being the allegation that the notes were executed in part payment for a threshing machine engine, the purchase price of which was $1,200.00, the execution of the chattel mortgage, the sale of the property thereunder by the plaintiff, and the realization from such sale of a sufficient sum to pay the notes and interest, and that thereby the notes were fully paid and discharged.

The replication admitted the taking of the property and sale under the chattel mortgage. The proof disclosed that the plaintiff took possession of the engine under the chattel mortgage and advertised and sold the same at public sale for the sum of fifty dollars; the plaintiff being the purchaser. The plaintiff deducted $20.65 for expenses of sale and credited the remainder, $29.35 on the notes.

For reasons stated in the opinion, the Court of Appeals held this chattel mortgage sale to be void, and that the sum to be properly credited to the defendant on the notes should be the reasonable or market value of the engine at the time and place of sale.  Upon this point the court said:

"Inasmuch as the statute does not forbid a sale under conditions provided in a chattel mortgage, the public sale should have been made upon the notice provided in the chattel mortgage, to-wit, fifteen days.  *Denny v. Van Dusen,* 27 Kan. 437; *Reynolds v. Thomas,* 28 Kan. 810.  For failure to give due notice the sale was not good as a public sale under the conditions of the mortgage; and while the mortgage also provides that the property may be disposed of at private sale, with or without notice, and that at any sale the mortgagee may become the purchaser of the property, the attempted sale was not private.  And both upon reason and authority we think the bid at such sale without due notice should not be held to measure the amount for which the defendant should have credit upon the notes; but that he would be entitled to credit for the reasonable value of the said engine, which would be the market value thereof at the time and place of sale.  Jones on Chattel Mortgages, § 793; *Waite v. Dennison,* 51 Ill. 319; *Kelly v. McCarty,* 75 Kan. 818, 88 Pac. 882; *McConnell v. People,* 84 Ill. 583."

Upon the present trial the defendant amended its answer accordingly, and alleged the value of the engine to be $1,000.  The plaintiff did not amend its pleadings, except to reply to a sixth defense, which the defendant withdrew before the cause was submitted.  The jury returned a general verdict for the defendant.  The notes were dated July 20th, 1901, and the sale which the Court of Appeals declared void was held on October 24, 1902.

A witness for the plaintiff testified by deposition that as agent for the plaintiff he sold the engine in May, 1903, for the sum of $476.80.  The court instructed the jury not to consider this testimony, and this is the principal error contended for by plaintiff.  This was not evidence of value of the engine at the time of the chattel mortgage sale.  But

it is contended that it was the amount received at a private sale authorized by the Mortgage.

As was said by the Court of Appeals, while a private sale was authorized by the mortgage, the pleadings of plaintiff alleged a public sale under the mortgage, and it cannot be permitted to recover on a subsequent private sale not pleaded, but in fact concealed throughout the former trial.

The plaintiff offered one witness who testified that the value of the engine was from three to four hundred dollars. The defendant produced two witnesses who testified that its value was one thousand dollars. The jury was justified in finding the value to be at least $650.00 with interest from the date of the notes to the time of the mortgage sale, and this finding will not be disturbed. The judgment is affirmed.

Mr. Chief Justice White not participating.