No. 19,471.

MERLIN D. WARNER, AS WARNER CONSTRUCTION CO. *v.* YELLOW MANUFACTURING ACCEPTANCE CORPORATION.

(355 P. [2d] 956)

Decided October 10, 1960.

Mr. C. LEE GOODBAR, JR., Mr. WILLIAM D. GOODBAR, for plaintiff in error.

No appearance for defendant in error.

*En Banc.*

Mr. Chief Justice Sutton delivered the opinion of the Court.

The parties here appear in inverse order to their appearance in the trial court, and will be referred to as they there appeared or by name.

On December 8, 1958, Warner entered into an agreement with the Colorado Builders' Supply Company under the terms of which he agreed to purchase two second hand La Plante Chate Model TS-300 Scrapers. He paid $5,000.00 down and executed a note and chattel mortgage for the balance of the purchase price of $22,795.00, which sum was to be paid in eleven equal monthly installments of $2,051.18. After making the first payment he was unable to make the second or succeeding payments.

On October 21, 1959, plaintiff, as assignee of the note and chattel mortgage, brought suit to recover $22,562.00 together with attorney's fees and costs, praying further that the equipment described in the chattel mortgage be sold at a public sale with the proceeds of the sale to be applied toward satisfaction of plaintiff's claim.

On November 4, 1959, plaintiff and defendant entered into a written stipulation, whereby it was agreed that plaintiff should have judgment against defendant for the amount sought plus costs and attorneys' fees. It was further stipulated therein that the two scrapers should be sold by the Sheriff of El Paso County, Colorado, after publication of notice of said sale in the "Daily Transcript" for *ten days* prior to the date of said sale. Pursuant to court order entered in accordance with this stipulation, but after publishing notice of sale for only *five consecutive days* in the "Daily Transcript" instead of the ten days agreed upon in the stipulation, the property was sold to the plaintiff for the sum of $3,000.00, which obviously was an insufficient and inequitable

amount unless the equipment had been damaged while in defendant's possession.

Upon motion of the plaintiff, the Sheriff's report of sale was approved by the court, which entered a deficiency judgment against defendant for $21,812.00 plus costs. Thereafter, on December 4, 1959, the defendant moved the court to enter an order setting aside any and all matters pertaining to the Sheriff's sale, urging as grounds therefor that the sale was not conducted in accordance with the stipulation entered into by the parties, and that the price obtained was inequitable. The court entered its order denying this motion, and the sole question before this court is whether the ruling of the trial court denying said motion was erroneous.

This is not a new question in Colorado. In *The Aultman-Taylor Machinery Co. v. Forest*, 23 Colo. App. 558, 130 Pac. 1086, 69 Colo. 53, 168 Pac. 1119, the court voided a sale of property secured by a chattel mortgage where the notice of sale given by the sheriff was published for ten days instead of the fifteen required by the terms of the chattel mortgage, stating:

"For failure to give due notice the sale was not good as a public sale under the conditions of the mortgage; * * * And both upon reason and authority we think that the bid at such sale without due notice should not be held to measure the amount for which the defendant should have credit upon the notes; but that he would be entitled to credit for the reasonable value of the said engine, which would be the market value thereof at the time and place of sale."

This ruling is controlling in the present action and is in accord with the general rule. See 30 Am. Jur. 1049, Sec. 253.

Since the property in question is of a nature which depreciates rapidly in value, and since plaintiff effected its sale in violation of the written stipulation relating thereto on November 24, 1959, almost a year ago, merely setting aside the sale and ordering the scrapers properly

resold at this time will not afford defendant adequate relief.

It is therefore ordered that the judgment be reversed and the cause remanded to the trial court with directions to determine, upon hearing, the fair and reasonable value of the equipment when sold on November 24, 1959, and to credit such amount on the judgment heretofore entered against defendant.