## AUGUST IBERG *et al.*

*v.*

## CHARLOTTE R. WEBB *et al.*

*Filed at Mt. Vernon June 14, 1880.*

1. LIMITATION *of seven years—must be complete under one section.* In order to constitute a bar under the seven years Limitation law, the party must show a complete performance under either the sixth or seventh section of the act. He can not show part performance under one section and part under the other, and thus blend the provisions of both.

2. SAME—*payment of taxes.* A period of full seven years must intervene the day when the first payment of taxes was made and the day of the commencement of suit, to create a bar under the statute. It is not sufficient that payment of taxes for seven years has been made, coupled with color of title.

3. The bringing of suit by a portion of tenants in common for a partition of lands against the others, and also against another to remove a cloud upon the title to the land, will avail the tenants in common who are defendants, in preventing the completion of the bar of the Statute of Limitations, as well as those bringing the suit.

4. PARTITION—*affirmative relief to defendants.* On bill for partition of land and to remove a cloud upon the title, and praying that the holder of the adverse title be required to surrender possession of the premises so that partition could be made, the holder of such title can not assign for error that he was not allowed for improvements when he has not asked for such relief in his answer or otherwise.

WRIT OF ERROR to the Appellate Court for the Fourth District; the Hon. T. B. TANNER, presiding Justice, and Hon. J. C. ALLEN, and Hon. GEORGE W. WALL, Justices; —heard in that court on appeal from the Circuit Court of Madison county.

Messrs. METCALF & BRADSHAW, for the plaintiffs in error.

Messrs. GILLESPIE & HAPPY, for the defendants in error.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was a bill for partition, filed October 14, 1871, by certain of the heirs of Henry Hudson, deceased, against the

other heirs of said Hudson, praying for partition among them as the owners and tenants in common of the lands in question.

The bill also made Albert Guenther and August Iberg defendants, alleging that they claimed to have an interest in the lands, based upon a tax title claimed on the premises, but that the claim was without foundation.

The circuit court decreed partition, as prayed for among the heirs of Hudson, and that Guenther and Iberg had no lawful interest in the premises.

On appeal by Guenther and Iberg to the Appellate Court for the Fourth District, the decree was affirmed, and they bring the case by writ of error to this court.

The claim of Guenther and Iberg, which is set up by them, is under a tax title alleged to have been acquired by one William T. Brown, under a sale of the lands to him for taxes, and by virtue of seven years' alleged possession and payment of taxes under claim and color of title.

There appear in evidence a deed of the premises from William T. Brown to John Reynolds, dated July 1, 1864, and a deed from Reynolds to Albert Guenther, dated August 31, 1864, but nothing showing any title in Brown. Iberg is the purchaser of a part from Guenther afterwards. Title to the lands was shown in Henry Hudson, by purchase from the United States, and the heirship of the parties, as alleged in the bill, was proved. The lands were vacant and unoccupied at the time Guenther purchased. In September, 1864, he commenced working on the lands, and in April, 1865, moved on them, and ever since he and Iberg have been in possession.

In inquiring whether there has been here seven years' payment of taxes with color of title and possession under the 6th section of the Limitation act, we can not take into account any taxes previously paid on the land while it was vacant, as that would be under the 7th section of the act, which makes seven years' payment of taxes with color of

title to vacant and unoccupied land a bar to an action. We have held that to constitute a bar, a party must show a complete performance under either the 6th or 7th section. He can not show part performance under one section and part under the other, and thus blend the provisions of both sections. *Dickenson* v. *Breeden,* 30 Ill. 280; *Ross* v. *Coat,* 58 id. 54.

Allowing that Guenther took possession as early as in the last of September, 1864, when he says he had men splitting rails on the place, we are, then, to see whether there was the payment of taxes for seven years while Guenther was in possession.

We have decided that the payment of taxes for seven years, coupled with color of title and possession, is not sufficient to create the bar; that a period of seven full years must have intervened between the day when the first payment of taxes was made and the day of the commencement of suit.

As this suit was commenced October 14, 1871, in order to establish the bar claimed of seven years' payment of taxes after possession, it is necessary to prove that the first payment of taxes after Guenther's possession was as early as October 14, 1864, so as to make a period of full seven years between the day when the first payment of taxes, after possession, was made, and the day of the commencement of the suit.

This proof was not made. Guenther gave in evidence tax receipts for taxes paid by him for the years 1865 to 1874, both inclusive. There was no tax receipt for the taxes for 1864, and no positive evidence of the payment of the taxes for that year. All the proof upon the subject was the production of the collector's book for the taxes of the year 1864 and the testimony of the assistant county clerk that this was the collector's book for the taxes of the year 1864, which were collected in 1865; that the lands in controversy were listed to William T. Brown, and in the column headed "Remarks, by whom paid," opposite each of the tracts, he found the

27—96 ILL.

initials " W. T. B.," indicating, in his judgment, that William T. Brown paid the taxes on the land for the year 1864; that he had examined the tax books for the year 1865, and there was no charge there for delinquent taxes against these lands. William T. Brown died in March, 1874. But admitting that this evidence shows the payment of the taxes for 1864, it fails to show at what time they were paid.

We understand the testimony of the assistant county clerk to be that they were collected in 1865.

The tax receipts for the years 1861, 1862 and 1863 were in evidence, showing the times of the payment of the taxes for those years to be as follows: For the year 1861, on September 8, 1862; for the year 1862, on June 13, 1863; for the year 1863, on September 12, 1864. And, in showing by the collector's book another entry of initials in the payment of taxes for the year 1864, the entry is: " Paid, September 9, 1865.   J. S. W."

The proof, then, not only entirely fails to show, as is necessary, that the first payment of taxes, after possession, (the taxes of the year 1864,) was made as early as October 14, 1864, but does show very satisfactorily that it was not made until some time in the year 1865, and most probably not until in the latter half of that year.

There not being proof, then, of a period of seven full years between the day when the first payment of taxes, after possession, was made, and the day of the commencement of the suit, there is a failure to establish the bar claimed.

But, as there are only three of the heirs of Hudson complainants in the bill, and a large number of the rest of them are made defendants, it is claimed that the commencement of the suit arrested the running of the statute only against the complainants, and not against the other heirs of Hudson made defendants, and that, as against the latter, the bar should be held established.

This was a proceeding in equity for partition, and to remove a cloud upon the title, in which the statute provides

that any one or more of the parties interested may compel partition, and that there shall be partition according to the respective rights of the parties interested; that every person having any interest, and who is not a petitioner, shall be made a defendant to the petition; that the court may investigate and determine all questions of conflicting and controverted titles, and remove clouds upon the titles to any of the premises sought to be partitioned, and invest title by its decrees.

We can have no doubt that it was sufficient for the remainder of the tenants in common, that one of their co-tenants had begun suit of this kind, that it was in the interest of and for the benefit of all, and should be considered as in the behalf of them all.

It could not be held that each of these numerous co-tenants would be obliged to begin a separate and independent suit, in order to arrest, as against him, the running of the Statute of Limitations, and where there could be but one and the same decree for the benefit of them all.

All acts done by one tenant in common are held to be done for the interest of all the co-tenants, and in conformity to their rights, until an adverse possession is notoriously set up and established by competent proofs. Ang. on Lim. § 435.

A bill filed by one creditor, as plaintiff, in behalf of himself and others, will prevent the statute from running against any of the creditors, who come in under the decree. Every creditor has, after the filing of a bill, an inchoate interest in the suit, to the extent of its being considered as a demand, and to prevent his being shut out, because the plaintiff has not obtained a decree within the six years. Id. § 331, and see *Bradford* v. *Andrews,* 20 Ohio St. 208.

Plaintiffs in error object to that portion of the decree requiring them to give possession, and in not allowing them for improvements. The bill filed for partition of real estate among the owners thereof, alleged that, in order to do justice among the parties, it was necessary that Guenther and Iberg

should be barred from setting up their alleged claim to the premises, and that they should deliver up possession, so that partition of the premises could be made between the parties. There was no affirmative relief asked for by these defendants. Their answer was merely directed to the question of possession, and the payment of taxes, and the character of their possession. This matter of objection, so far as appears, is raised now for the first time.

We can hardly see that, on the score of equity, plaintiffs in error have anything to complain of.

They have had the use and occupation of the lands for some fourteen years, and have not been required to render any account of rents and profits, and are not held accountable for the same. It does not appear, as between the improvements, and the rents and profits, that the one was any more than a fair equivalent for the other.

The decree of the Appellate Court will be affirmed.

*Decree affirmed.*