SAMUEL MARGOLIN *et al.*, d/b/a ESSCO MOTORS, Plaintiff, Counter-Defendant and Appellant, *v.* MELVIN E. FRANKLIN *et al.*, Defendants, Counter-Plaintiffs and Appellees.

(No. 54014;

First District—March 24, 1971.

*Rehearing denied April 14, 1971.*

Alan J. Scheffres, of Chicago, for appellant.

Bradley & Bradley, of Chicago, for appellees.

Mr. PRESIDING JUSTICE ADESKO delivered the opinion of the court:

Plaintiff, Essco Motors, brought an action against defendants Melvin and Betty Franklin to confess judgment on a promissory note. Defendants petitioned to open and vacate the judgment by confession and counterclaimed for $1,500.00 by reason of plaintiff's fraudulent and wilfull conversion of their automobile. The cause proceeded to trial. The court, sitting without a jury, entered judgment on the counterclaim in the amount of $921.00.

Plaintiff appeals contending (1) the finding as to a modification in terms of payment of the contract was not supported by the evidence and is contrary to the established law of Illinois; (2) the defendant failed to prove the value of the automobile at the time of the alleged conversion; and (3) the plaintiff was deprived of a fair and impartial hearing due to the bias of the trial judge.

The facts adduced at trial are as follows: On January 31, 1966, defendants entered into a retail installment contract with plaintiff Essco Motors to purchase a 1961 Ford Thunderbird. The price was $1,352.00 on which defendants paid $300.00 down leaving a balance of $1,052.00. To this balance Essco Motors added finance and insurance charges in the amount of $604.00. The Franklins signed a note in the amount of $1,656.00.

The contract called for 24 monthly payments of $69.00 due on the 15th of each month, commencing February 15, 1966. The Franklins made $69.00 payments on February 15, 1966, March 15, 1966, April 25, 1966, May 23, 1966, June 24, 1966, July 26, 1966, August 24, 1966, September 27, 1966 and October 27, 1966. On November 26, 1966, the plaintiff had the automobile repossessed and held a "technical sale" as it was described by one of plaintiff's employees, because "we can get the car back after it is sold."

The testimony of the parties differs sharply as to what transpired between April and November of 1966. Irvin Tyne, credit and collection manager of Essco Motors, testified the Franklins called and asked if they could make a late payment for the month of April. He told them it would be alright for that month. He further testified that in May the payment was not made by the 15th and he sent a reminder notice on the 17th and a final notice on the 20th. The May payment was received on the 23rd. The same situation occurred in June with the reminder and final notices being sent before payment was received. Reminder notices were

also sent in the months of July, August, September and October since payment had not been made by the 15th of those months. Payments were made in those months on the 26th, 24th, 27th and 27th respectively. Tyne also testified he spoke on the phone to Mrs. Franklin in July, August and September and she stated in each instance she would make payment shortly.

In November, after the reminder notice was sent, Tyne called the Franklins at their respective places of employment and their home but could not reach them. He thought the defendants had "skipped" town and ordered a repossession of the automobile. The car was returned to the Essco Motors on November 26, 1966.

Mrs. Franklin testified she spoke with Mr. Tyne in April and explained to him her husband had changed jobs and would not get paid until later in the month. She asked that the payment date be changed from the 15th of the month to the 27th of the month and received his agreement. The April payment was made on April 25, 1966. In May she received a notice from Essco Motors before the 27th requesting payment. She called Essco Motors and asked them about the notice. The man she talked to said the notice was sent out by mistake and that she should forget about it. Mrs. Franklin further testified she had no conversations with nor did she receive any notices from Essco Motors concerning the payments after the May conversation. In November, Mrs. Franklin testified she was in New Orleans about one week before the car was repossessed. The car was repossessed on November 25, 1966, from a parking spot in front of the Franklins' apartment. The Franklins received notice that Essco Motors was going to sell the car.

Plaintiff contends the finding of the trial court as to a modification in terms of payment of the contract was not supported by the evidence and is contrary to established law in Illinois. The trial court found the Franklins had not breached the contract with Essco Motors and the taking of their automobile amounted to wrongful repossession and a breach of contract on the part of Essco. The court believed Mrs. Franklin's testimony that Essco Motors agreed to accept payments in the latter part of each month. The court stated its belief was evidenced by the exhibits at trial that showed Essco Motors accepted these payments. We agree with the trial court that the testimony and exhibits indicate a pattern of conduct on the part of Essco to accept payments from the Franklins on or before the 27th day of each month.

■■ The law in Illinois is clear that a vendor may not establish a pattern of accepting time payments which may be slightly late and then suddenly insist on a strict compliance of the time provisions of the contract and declare a forfeiture of the merchandise. (*Boardman v. Bubert*

(1927), 325 Ill. 38.) The Illinois Supreme Court has consistently held that the right to forfeit a contract is waived where the contract provides for prompt payment at fixed dates and payments are not so made and accepted after they become due. (*Cottrell v. Gerson* (1939), 371 Ill. 174, 20 N.E.2d 74; *Plummer v. Worthington* (1926), 321 Ill. 450; *Monson v. Bragdon* (1895), 159 Ill. 61.) Where the parties have treated the time clause as waived with respect to some of the payments, the vendor, to avail himself of the right to forfeiture for failure to make subsequent payments on time, must give reasonable, definite and specific notice of his changed intention. (*Boardman v. Bubert, supra.*) The vendor in this case, Essco Motors after agreeing to a modification of the payment terms of the contract did not give the Franklins reasonable, definite and specific notice of its changed intention. Acordingly, Essco Motors could not suddenly insist on a strict literal compliance of the payment provisions of the contract and declare a forfeiture. We reject defendant's first contention.

■■ Plaintiff-appellant next contends defendant-appellee failed to prove the value of the automobile at the time of the alleged conversion. In a conversion suit, the party alleging conversion must prove the reasonable value of the property at the time of the wrongful taking. (*Sears Roebuck & Co. v. Mears Slayton Lumber Co.* (1922), 226 Ill.App. 287.) In the instant case, on January 31, 1966, the defendants paid Essco Motors $300.00 down and executed a note for $1,656.00. The time sale price for the 1961 Thunderbird was $1,956.00. By the time of the conversion ten months later, defendants had paid Essco $921.00 of which $621.00 was in steady monthly payments. During those ten months, defendants expended $325.00 for an engine overhaul and exerted proper care and the maintenance of the automobile. On the basis of the evidence presented as to purchase price, engine overhaul, care and maintenance, period of use and depreciation, and balance due, we find that $921.00 is reasonable compensation to the defendants for damages incurred by the wrongful possession of their automobile.

Plaintiff-appellant finally contends it was deprived of a fair and impartial hearing due to the bias of the trial judge. Plaintiff cites two examples of the trial judge's prejudice: (1) The trial judge believed the testimony of Mrs. Franklin who was fabricating her story; and (2) the trial judge made remarks about car dealers and finance companies which show an attitude of distaste and prejudice towards persons in the time sale business.

■■ As to the first example, the trier of fact is the sole judge of the credibility of the witnesses and because the judge believed the defendants does not mean he was prejudiced against the plaintiff. As to the

532

second example, we have carefully reviewed the report of the proceedings, especially those portions cited to us by plaintiff-appellant in its brief and nowhere do we find the prejudicial statements allegedly made by the trial court. We find only allegations by trial counsel that the trial court made prejudicial statements. The trial judge himself expressed shock when counsel for the plaintiff made such charges at the presentation of the motion to amend the judgment. The trial judge denied making such statements and to emphasize his impartiality stated never before had he entered a judgment against the seller and repossessor of merchandise.

Appellant, Essco Motors, has by innuendo and inference at trial and on appeal attempted to create the impression the decision of the trial court was based on prejudice and bias instead of the facts. This contention is without foundation.

Judgment affirmed.

BURMAN and DIERINGER, JJ., concur.