EDWARD JOSEPH ZINSER, Plaintiff-Appellant, v. UPTOWN FEDERAL SAVINGS AND LOAN, F.A., as Successor, *et al.*, Defendants-Appellees.

First District (4th Division)   No. 1—88—2029

Opinion filed June 29, 1989.

McGee Parramore, of Palatine, for appellant.

Patricia A. O'Connor, of Lillig & Thorsness, Ltd., of Oak Brook, for appellee Uptown Federal Savings & Loan.

PRESIDING JUSTICE JIGANTI delivered the opinion of the court:

This appeal involves the dismissal of count IV of a complaint for failure to state a cause of action under the Illinois Consumer Fraud and Deceptive Business Practices Act (Ill. Rev. Stat. 1987, ch. 121½, par. 261 *et seq.*).

The complaint alleges that the plaintiff, Edward Zinser, purchased a truck from Glenside Nissan. Zinser entered into a written installment agreement with Nissan which was subsequently assigned to the defendant, Uptown Federal Savings (the Bank). Under the terms of the agreement, Zinser was required to make 60 installment payments on the third day of each month, commencing on December 3, 1986. The agreement also included a nonwaiver clause which provided that "[w]aiver of any default in the payment of any installment of the total of payments when due shall not operate as a waiver of any subsequent default. No extension of the time of payment or any other modification of the terms of this contract shall be binding on holder unless written consent thereof is given."

Sometime prior to December 3, 1986, the due date of the first installment payment, Zinser lost his job. Zinser notified the Bank of his position and requested a moratorium on future payments until he got another job. The Bank orally agreed. Zinser become employed in mid-February at which time he wrote a check which covered the payments due December 3, 1986, January 3, 1987, and February 3, 1987. Zinser also made the installment payment due on March 3, 1987.

During the months of April 1987 through September 1987, Zinser paid some of the installment payments on time and paid some late. As

of September 1987, Zinser believed he was current on all but one of his installment payments. The Bank claimed that Zinser was behind in three or four payments. Zinser received no communications from the Bank about late or delinquent payments.

On September 17, 1987, the Bank repossessed the truck, which was parked in a lot at Zinser's place of employment. Zinser's personal belongings were taken along with the truck. The Bank refused to return the truck, and Zinser was told that he would have to pick up his personal belongings if he wanted them back.

Based on these facts, Zinser filed a four-count complaint. Count IV, which was directed against the Bank, alleged a violation of the Illinois Consumer Fraud and Deceptive Business Practices Act. (Ill. Rev. Stat. 1987, ch. 121½, par. 261 *et seq.*) The Bank moved to dismiss the count pursuant to section 2—615 of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—615). The trial court granted the Bank's motion.

On appeal, Zinser argues that he has stated a cause of action under the Consumer Fraud Act because the facts alleged constitute an "unfair act or practice" under section 2 of the Act. Section 2 provides in pertinent part:

"Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation *** in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby. *In construing this section consideration shall be given to the interpretations of the Federal Trade Commission and the federal courts relating to Section 5(a) of the Federal Trade Commission Act.*" (Emphasis added.) Ill. Rev. Stat. 1987, ch. 121½, par. 262.

Zinser maintains that despite the nonwaiver clause in the installment contract, the repossession and retention of his truck without notice or consent constitutes an "unfair act or practice" where the Bank has condoned past defaults. Zinser also argues that requiring him to pick up his personal items found in the truck is also an "unfair act or practice."

Zinser concedes that there are no Illinois cases which support his contention that count IV of the complaint alleges facts which amount to an "unfair act or practice." However, as Zinser correctly points out, section 2 of the Act quoted above directs the Illinois courts to the interpretations of the Federal Trade Commission and the Federal courts. In his appellate brief, Zinser examines the many years of FTC

and Federal court precedent on the question of what constitutes "unfairness." His research leads him to a discussion of what he calls the current modified FTC standard of fairness as set forth in a letter from the FTC to the congressional committee on commerce, science, and transportation. Zinser's analysis of the FTC standard boils down to a consideration of whether there is unjustified consumer injury and whether the Bank's act or practice violates public policy. Although Zinser admits that there are no controlling FTC or Federal court cases, he invites us to conclude that under this modified FTC standard the repossession of his truck without notice and the retention of his personal items result in unjustified consumer injury and violate public policy.

We decline to accept this invitation. As Zinser concedes, none of the numerous citations of Federal court cases, FTC cases, or cases from other jurisdictions are controlling. Furthermore, we do not find any of the extensive citations relevant or persuasive.

Although we find it unnecessary to comment on every case, we will comment on *Margolin v. Franklin* (1971), 132 Ill. App. 2d 527, 270 N.E.2d 140, which was cited by Zinser to support his conclusion that the repossession of his truck without notice is a violation of public policy. In *Margolin*, the court reiterated the well-established rule that where "the parties have treated the time clause as waived with respect to some of the payments, the vendor, to avail himself of the right to forfeiture for failure to make subsequent payments on time, must give reasonable, definite and specific notice of his changed intention." (132 Ill. App. 2d at 531, 270 N.E.2d at 143.) Although the court in *Margolin* did not address a situation where the parties' written agreement contained a nonwaiver clause, Zinser concludes that the court would not take such a firm stance and then allow a creditor to avoid the well-established rule by inserting a nonwaiver provision in small print on the reverse side of a printed form contract.

We do not accept Zinser's argument that *Margolin* establishes the public policy in Illinois with regard to repossession of an automobile without notice after late payments have been condoned. *Margolin* involved an action for fraudulent and willful conversion based on repossession of an automobile by a dealer who accepted late payments. There is nothing in the opinion to indicate that the dealer's repossession of the automobile without notice violated public policy or constituted an "unfair act or practice" giving rise to an action under the Consumer Fraud Act. Furthermore, in *General Grocer Co. v. Bachar* (1977), 51 Ill. App. 3d 907, 365 N.E.2d 1106, this court ruled on the validity of nonwaiver clauses and held that where a security agree-

ment between parties relating to financing specifically stated that no failure or delay by lender in exercising any right or remedy shall operate as a waiver, the lender's conduct in accepting some tardy payments could not constitute a suspension of terms of agreement to make payments on certain dates. (51 Ill. App. 3d at 912, 365 N.E.2d at 1109.) Finally, even if the nonwaiver clause in the instant case is unenforceable, it does not follow, as Zinser asserts, that the Bank's actions violated public policy.

In sum, Zinser has failed to cite any authority to support his conclusion that the repossession of the automobile under the circumstances in the instant case is an unfair act or practice. Accordingly, we reject Zinser's contention that count IV states a cause of action under the Illinois Consumer Fraud Act.

For the foregoing reasons, the decision of the trial court is affirmed.

Affirmed.

LINN and McMORROW, JJ., concur.