## Andrew B. McConnell *et al.*

*v.*

## The People, for use of David Purvines.

84   583
132   256

84   583
54a   181
55a   413

84   583
59a   552

84   583
98a   ³595

84   583
109a   ³635

1. Chattel mortgage—*when regularity of sale can not be questioned.* Where an officer sells mortgaged chattels under both an execution against the mortgagor and as agent of the mortgagee, the regularity of the sale under the mortgage can not be questioned, in an action by the mortgagor against the officer and his sureties upon his official bond.

2. Same—*surplus on sale may be applied on execution.* If a sheriff, as the agent of the mortgagee or his assignee, sells mortgaged chattels after condition broken, he may apply any surplus money, after satisfying the mortgage debt, upon an execution in his hands against the mortgagor.

3. Same—*rights and powers of mortgagee after condition broken.* By the forfeiture of the condition of a chattel mortgage, and possession taken thereunder by the agent of the mortgagee, the legal title to the chattels vests in the mortgagee, and he may lawfully sell and transfer the property at private sale, being responsible, however, to the mortgagor for any injury sustained by him by reason of his omission to comply with the terms of the power in the mortgage.

4. Sheriff—*liability on bond.* If a sheriff, as the agent of a mortgagee, sells the mortgaged property not in accordance with the power contained in the mortgage, and injury results to the mortgagor, the sheriff will not be responsible to him upon his official bond. It may be that he is individually liable.

5. Estoppel—*by failing to object to act.* Where personal property is sold under a chattel mortgage by a sheriff, as well as under an execution against the mortgagor, with the knowledge of the latter, and without objection on his part, and he assents to applying the proceeds first to the mortgage and the balance upon the execution, this will estop him from questioning the appropriation so made.

Appeal from the Circuit Court of Sangamon county; the Hon. Charles S. Zane, Judge, presiding.

This was an action of debt, brought by Purvines, upon the official bond of Andrew B. McConnell, as sheriff of Sangamon county.

The sheriff sold certain chattel property of Purvines under a chattel mortgage given by Purvines to John Champion, dated Sept. 16, 1872, and under an execution against Purvines,

in favor of M. A. Cartwright. In selling under the chattel mortgage, the sheriff acted as the agent of M. A. Cartwright, who had bought the mortgage, the mortgage debt being due and the condition of the mortgage broken.

Messrs. Robinson, Knapp & Shutt, for the appellants.

Mr. Justice Scholfield delivered the opinion of the Court:

So far as the case now before us differs from what it was when it was here before, (*McConnell et al. v. The People, for use of Purvines,* 71 Ill. 481,) it is in favor of the appellants.

The suit is for the balance collected on execution, after satisfying the amount due thereon. The evidence shows, that after satisfying one other execution and fee bill, (which were entitled to priority, and about which there is no controversy,) out of the amount collected on the execution, there was no balance to which Purvines could be entitled. The return of the execution, as amended, shows this. But, assuming that the court properly excluded this part of the return as being extra official, still, from the other evidence in the case, it is clear, beyond controversy, the property was sold both on the chattel mortgage and the execution, and the mortgage being entitled to priority in satisfaction, there could remain to apply on the execution only what was left after satisfying the mortgage; and it is not controverted that the amount thus left is, in the way above stated, properly accounted for. The controversy is solely with reference to the amount applied on the mortgage.

We do not think the regularity of the sale under the mortgage, in this form of action, material, because—

1st. The action is not for money received by virtue of a sale under the mortgage, but for a surplus of money received at a sale under the execution, and whether the mortgage sale was regular or irregular could not divert money received under it to a sale under the execution.

2d. By the forfeiture of the condition of the mortgage, and

possession taken thereunder by the agent of the mortgagee, the legal title vested absolutely in the mortgagee. *Simons* v. *Jenkins, Admr.* 76 Ill. 479; *Durfree* v. *Grinnell et al.* 69 id. 371; *Pike* v. *Colvin*, 67 id. 227. And the mortgagee, being in possession of the property and having the legal title, might lawfully sell and transfer the property at private sale, being responsible, however, to the mortgagor for any injury sustained by him by reason of his omission to comply with the terms of the power in the mortgage. If such injury was sustained, however, the remedy would not be against the sheriff on his official bond, simply because he had acted as the agent of the mortgagee in selling, but against the mortgagee, or, it might be, against his agent individually.

3d. We think now, as when the case was here before, the evidence shows that the property was sold under the mortgage, as well as under the execution, with the knowledge of Purvines, and without any objection or remonstrance on his part; that he assented to the appropriation of so much of the proceeds of the sale as was necessary to satisfy the mortgage, to that purpose, and that he is, therefore, equitably estopped now to claim the money so appropriated.

The judgment is reversed.

*Judgment reversed.*