Nellie E. Matson for the use of The Stearnes Company,
Defendant in Error, v. City Market Company,
Plaintiff in Error.

Gen. No. 34,858.

Opin-
ion filed June 22, 1931.

GEORGE GANNON, for plaintiff in error; S. S. CUN-
NINGHAM, of counsel.

EDWARD E. CONTARSY, for defendant in error.

MR. JUSTICE MATCHETT delivered the opinion of the
court.

February 15, 1930, The Stearnes Co. began a suit for
attachment against Nellie E. Matson and caused the
City Market Co., together with numerous others, to be

summoned as garnishee. Nellie E. Matson was not found but was served by publication and was defaulted, and judgment was entered against her in favor of plaintiff, The Stearnes Co., for $456.34, being the full amount of plaintiff's claim.

The City Market Co. filed a verified answer to the garnishment writ, averring that at the time of the service of the writ it was not indebted to Nellie E. Matson and that neither then nor afterwards did it have in its possession any property belonging to her. Plaintiff contested the answer, and the cause was heard by the court on the stipulation of facts. There was a finding against garnishee and for Nellie E. Matson, and judgment for $489.79 was entered which the garnishee seeks to reverse by this writ of error.

The material facts stipulated are that Nellie E. Matson from and prior to September 19, 1928, and until November 1, 1929, owned and operated a restaurant consisting of a large quantity of chairs, tables, counters, kitchen equipment, etc.; that November 4, 1929, Nellie E. Matson was indebted to The Stearnes Company in the sum of $456.34 for restaurant supplies and equipment sold and delivered to her at her restaurant at 715 Sheridan road, Chicago, on open account from September 19, 1928, to November 4, 1929; that on November 6, 1929, Nellie E. Matson being indebted to the City Market Co. in the sum of $753 for meats and poultry, theretofore delivered to her at her restaurant on open account, executed and delivered to the City Market Co. a chattel mortgage upon all of the restaurant fixtures, equipment and utensils in said restaurant, together with her note in the principal sum of $753; that this mortgage was duly executed, acknowledged and recorded as required by law (a copy of the mortgage was attached to the stipulation and made a part thereof); that on December 1, 1929, there was due to the City Market Co. the amount named in

its mortgage and an additional sum of $70 for merchandise sold on open account after the delivery of the mortgage; that on this date the City Market Co. under the terms of its mortgage took possession of the fixtures and equipment covered by the mortgage, and on December 6, 1929, sold the same under power of sale contained in the mortgage to one Charles Corts for $1,000; that within ten days thereafter he caused to be delivered to Nellie E. Matson a report of said sale (a copy of the report is attached to the stipulation and made a part thereof); further that Charles Corts at the time of the sale was the general manager of the City Market Co., and that the sale was made to him as agent of the City Market Co.; that Charles Corts at no time paid the City Market Co. the sum of $1,000 or any other sum in connection with the sale, and that he made the purchase as the agent of and in behalf of the City Market Co.

The stipulated facts are further that thereafter the City Market Co. by its bill of sale sold the said restaurant fixtures and equipment to S. A. Kitt and M. H. Tolofsen for $2,000; that the City Market Co. has retained the entire proceeds of said sale and not paid the same, or any part thereof, to anyone for her use and benefit.

The parties further stipulated on the trial that the cause should be submitted to and considered by the court on the stipulation of facts and that the only issue to be adjudicated was whether the City Market Co. was liable to account to Nellie E. Matson, mortgagor, for the amount received by it on the sale to Kitt and Tolofsen in excess of $1,000, and that if the court held that the City Market Co. was so liable, then judgment should be entered herein against the garnishee City Market Co. for the full amount of plaintiff's claim and costs.

After the court heard the arguments of both parties the garnishee moved that it be discharged for the

reason that the court had no jurisdiction of the subject matter, inasmuch as the amount, if any, due to the mortgagor, Nellie E. Matson, was an unliquidated amount and not subject to garnishment until such time as the amount had become liquidated by suit or otherwise. This motion was denied.

On motion of plaintiff the court ruled that the sale of the fixtures and equipment to Kitt and Tolofsen for $2,000 was a legal sale and that the City Market Co. was bound to account to Nellie E. Matson for the use of plaintiff in the sum of $489.79 and costs, and judgment was entered against the garnishee and in favor of plaintiff for that sum. To reverse that judgment the garnishee has sued out this writ of error.

The mortgage, which is in evidence, discloses that there is no provision therein by which the mortgagee might become the purchaser at its own sale. It had the right to take possession of the property upon default in the payment of the debt, and upon taking possession the legal title to the property conveyed by the mortgage vested in the mortgagee. This seems to be conceded by the parties, and the cases cited so hold. (*McConnell v. People,* 84 Ill. 583; *Seaton v. Ruff,* 29 Ill. App. 235; *Metz v. McAvoy Brewing Co.,* 98 Ill. App. 584; *Callaghan v. American Trust & Savings Bank,* 196 Ill. App. 102.) It also seems to be conceded that in the absence of authority given in the mortgage so to do, the mortgagee had no right to purchase the property at its own sale, but the cases also seem to hold that such a sale is not void but only voidable at the election of the mortgagor. This question was decided in *Featherstone v. Hendrick,* 59 Ill. App. 497.

In that case the payee of chattel mortgage notes brought suit. Four of the number of mules which had been conveyed by the mortgage were seized under the chattel mortgage and sold at public sale, and plaintiff bid them in himself. Defendant asked the trial

court to instruct the jury that if they believed from the evidence in the case that plaintiff took actual possession of the four mules in the case, then defendant was entitled to be credited with the actual value of such mules at the time plaintiff took possession of them without any regard to the amount for which plaintiff sold the mules at public auction or otherwise. The trial court refused to give the instruction, and such refusal was assigned for error on appeal. The court said:

"The instruction was properly refused. While it is the law that a trustee may not become a purchaser at his own sale, still such a sale is not void, but is only voidable."

The court further said that while plaintiff was without legal authority to bid at the sale of the four mules, the sale was conducted after due notice by a licensed auctioneer; that plaintiff was the highest bidder, and that there was nothing to show but that he acted in perfect good faith; that defendant did not even show that he was willing to take the mules at the price at which they were bid, and that there was no evidence whatever of their actual value at the time of their seizure and sale, citing *Waite v. Dennison*, 51 Ill. 319; *Phares v. Barbour*, 49 Ill. 370.

The stipulation of facts here is to the effect that the public sale was made by an auctioneer, and that there was no irregularity about it other than the fact that the mortgagee purchased the property. Notice of the sale, together with full statement of the expenses and the amount for which the property was sold, was given to the mortgagor within ten days, and she does not seem to have made any objection whatsoever. It is true there is nothing in the record to show that she had knowledge that Corts, who purchased the property, was in fact acting for the mortgagee, but she did have full knowledge of the amount for which the

property was sold and of the costs and expenses of the sale.

In *Seaton v. Ruff,* 29 Ill. App. 235, the opinion of the court states:

"The mortgagor may waive all right to complain, and by his action may be estopped to say that the sale was not made pursuant to the power contained in the instrument. In such case the title of the purchaser cannot be assailed by the mortgagor, nor by his creditors who have no lien upon the property at the time of the purchase.

"It is not important to inquire whether the mortgagee in the present instance had sufficient grounds for taking possession, or whether the sale was authorized by the terms of the mortgage, for the plain reason that the only persons who had at that time any legal right to object,—to wit, the mortgagors—acquiesced in it and waived all objections they might have interposed. *McConnell v. People, etc.,* 84 Ill. 583, 584; Jones on Chattel Mortgages, chapter 16."

There is no doubt, as was held in *Waite v. Dennison,* 51 Ill. 319, on which plaintiff here relies, that a sale at which the mortgagee became a purchaser, would not as against the mortgagor bar her equity of redemption, but the equity of redemption belongs to her and not to her creditors and she has a perfect right to waive the illegality if she saw fit to do so. We do not doubt the proposition that where a surplus would arise from the sale made under the mortgage, such surplus could be reached by an action of garnishment by creditors, as was held by the Appellate Court in *Glass v. Doane,* 15 Ill. App. 66, and by the Supreme Court in *Pike v. Colvin,* 67 Ill. 227, upon which plaintiff here also relies; but those cases are not applicable here for the reason that the second sale, which was made to Kitt and Tolofsen, was not made under the mortgage and did not purport to be made under the

mortgage. There is no allegation of fraud or collusion here. If fraud in fact existed, plaintiff would not be without remedy (whether by garnishment we need not inquire), but no authority is cited so holding, and we know of no reason why a creditor, in the absence of any objection by the mortgagor and in the absence of any allegation of fraud, should be allowed to take advantage of a mere irregularity in a sale held under the foreclosure of a chattel mortgage. The right to disaffirm in such case is with the mortgagor and personal to the mortgagor or some person claiming under him. The facts stipulated fail to show that the garnishee was indebted at the date of the service of the writ or thereafter, and for that reason the judgment must be reversed.

*Reversed.*

O'CONNOR, P. J., and McSURELY, J., concur.