Irving Greenspahn, Administrator of the Estate of Jacob Yocholis, Deceased, Appellee, v. Abraham Ehrlich, Appellant.

Gen. No. 37,368.

Opinion filed October 24, 1934.

Louis A. Cohan, for appellant.

Isador Becker, for appellee.

Mr. Justice Wilson delivered the opinion of the court.

Action in replevin by mortgagor to recover possession of personal property seized by the defendant without right and afterwards retained under a claim of an assignment of a note and a chattel mortgage given as security for the note.

January 4, 1932, Jacob Yocholis executed and delivered his promissory note for $300 to the Federal Loan Corporation of Chicago in payment of a Chrysler sedan automobile and at the same time executed the chattel mortgage in question to secure the payment of said note. The note became due by its terms but the Federal Loan Corporation took no steps to recover the property under the chattel mortgage.

Yocholis died March 20, 1933. At the time of his death the automobile was in a garage at Ogden and St. Louis avenues, Chicago, Illinois, of which the deceased was the proprietor. About two days after the death of Yocholis, the defendant Ehrlich took possession of the car and removed it from the garage. At this time Ehrlich was a stranger to the transaction and had no right or title to the car nor did he have the right to possession.

Greenspahn, the administrator of the estate of Yocholis, was appointed as such on June 7, 1933, by the probate court of Cook county and on June 8th made a demand on Ehrlich for the return of the Chrysler sedan, which was refused. At the time of this demand Ehrlich still had no right or title to the sedan, nor did he have the right to possession. Subsequently, on June 22, 1933, Ehrlich paid the amount due on the note executed by Yocholis in favor of the Federal

Loan Corporation and secured from that company an assignment of the note and of the chattel mortgage.

The cause was tried by the court without a jury and a judgment was entered for the plaintiff finding the right of property in him, as administrator, with the right to maintain possession. From this judgment the defendant has appealed.

The defendant insists that upon procuring the assignment of the note and chattel mortgage he became entitled to all the rights of the original mortgagee, and having possession of the property was entitled to retain it by reason of the chattel mortgage.

Plaintiff contends on the other hand that the defendant did not procure possession of the property by reason of the chattel mortgage, peaceably, or in the manner provided by law and has not since that time or at any time taken possession under the chattel mortgage. Plaintiff also insists that the defendant's right is nonexistent as against the administrator of the estate who is maintaining this action for the benefit of the heirs and creditors of the estate.

We agree with the defendant that under an assignment of the note and mortgage, he became entitled to all the rights of the original mortgagee. *Robinson v. Huschle,* 233 Ill. App. 519. Moreover, while the rule is different in a number of States, it appears to have been held in numerous cases in this State that an administrator acquires the exact interest of property owned by the deceased at the time of his death and that such property is subject to liens thereon as between the parties. *Kinder v. King,* 180 Ill. App. 62.

The question for consideration, in our opinion, is narrowed down to the proposition as to whether or not a stranger to the transaction has the right to seize property and insist upon its retention under an assignment subsequently acquired and after a demand by an administrator entitled at the time to its posses-

sion. At the common law, the property under a chattel mortgage was turned over to the mortgagee as security for the debt. In this State, however, provision is made by statute for the retention of the property by the mortgagor or mortgagee entitled to protection upon the recording of his chattel mortgage. Regardless of the statute, however, as between the parties, the mortgagee has a right to obtain possession of the property peaceably or by a proper proceeding after maturity of the indebtedness and before the intervening of the rights of others.

The mortgage in this case provided among other things that if the mortgagee, its successors or assigns shall feel itself unsafe or insecure, mortgagee may seize the property wherever found and sell the same at the expense of the mortgagors, in the manner provided by law.

As a general rule title to property upon the giving of a chattel mortgage passes to the mortgagee. This title, however, has been qualified and the correct interpretation as enunciated in *Barchard v. Kohn,* 157 Ill. 579, is as follows:

''The chattel mortgage here provides, that, in case of default in payment or in any of the other conditions of the mortgage, the mortgagee shall have the right to take immediate possession of the property, and may sell the same and out of the proceeds of sale, after paying the costs and debt secured, shall render the surplus, if any, to the mortgagor. Although the naked legal title, after condition broken, vests in the mortgagee for the purpose of obtaining possession and applying the proceeds of the sale of the property to the payment of the debt, yet the requirement, that the surplus proceeds be paid to the mortgagor, shows that the absolute and exclusive ownership is not in the mortgagee. On the contrary, this requirement indicates, that even the enforcement of the mortgage

by seizure and sale under the power therein contained proceeds upon the idea, that the rights of an owner still remain with the mortgagor to a certain extent.'' This right to take possession, however, has never been extended to the right to take forcibly or by a stranger to the mortgage. The holder of a chattel mortgage after default has three remedies which he may pursue separately or concurrently. These remedies are: an action at law to recover the debt; an appropriate action to recover the mortgaged property; and a foreclosure of the mortgage. *Barchard v. Kohn,* 157 Ill. 579.

The rule is laid down in Jones on Chattel Mortgages, 2nd Edition, sec. 705, p. 579, wherein it says:

"705. Upon default the mortgagee is entitled to take peaceable possession. But the law will not allow him to commit, or to threaten, a breach of the peace, and then to justify his conduct by a trial of the right of property. Instead of using force the mortgagee must resort to his legal remedies. The mortgagee becomes a trespasser by going upon the premises of the mortgagor, accompanied by a deputy sheriff, having no legal process and taking possession without the active resistance of the mortgagor. To obtain possession under such a show and pretense of authority is to trifle with the obedience of citizens to the law and its officers. A provision in the mortgage authorizing the mortgagee upon default to take possession of the mortgaged property 'as his own property, and without any process of law,' confers no authority upon him, or upon an officer acting for him, to take it otherwise than peaceably.''

In the case of *Singer Mfg. Co. v. Rios,* 96 Tex. 174, 71 S. W. 275, 60 L. R. A. 143, 97 Am. St. Rep. 901, it was held that the mortgagee having taken possession of a sewing machine, it was entitled to retain the same even though the taking was not by a fore-

closure proceeding and was without the consent of the mortgagor. That action, however, was one for damages brought by the mortgagor by reason of the wrongful taking and in that case the taking was by the mortgagee and not by a stranger. There was at least a color of right, and the mortgage contained a clause that the mortgagee could take possession upon a breach.

In the case of *McClure v. Hill,* 36 Ark. 268, it appears that possession was taken under a void writ. The mortgagor brought an action for damages and recovered. The court in that case held that the taking was wrongful and that the mortgagee was not entitled to protection in any action against him. The court in its opinion says:

"The taking by force was not justified by the mortgage. The legal title was doubtless in McClure & Morris, with the right of possession, but they could only take it peaceably. They could not right themselves by their own strong hands; and, as above said, the taking by their agent, the constable, was equivalent to force."

At the time the administrator in the action at bar made his demand for possession, he was entitled to the property. At this time the defendant had no right or title to the automobile. The fact that the defendant subsequently acquired title, and before the bringing of the suit, in our opinion does not alter the situation. Even up to the time of the trial the defendant had made no demand upon the administrator for the payment of the debt, nor had the defendant taken any steps in and about the sale of the property as provided by law. Neither did the defendant start any foreclosure proceeding or any action at law for the purpose of enforcing his lien, if any. He had done nothing to reduce the property to legal possession nor had he taken possession peaceably. At the time he

329

took the automobile he was a trespasser and the taking was a wrongful conversion.

The action of replevin is not one in which the question of title is involved, but is a possessory action only. This suit is one in replevin and the only question before this court is whether or not the administrator, as against the defendant, is entitled to possession of the automobile. Courts should not recognize rights which are acquired by force and contrary to law and ethics and a claim based upon such facts should not receive great consideration when presented for determination.

Under the circumstances in this case we are of the opinion that the judgment of the municipal court was correct in finding that the right to possession was in the administrator of the estate and, for the reasons stated in this opinion, the judgment of the municipal court is affirmed.

*Judgment affirmed.*

HEBEL, P. J., and HALL, J., concur.