29822. DOUGLAS MOTOR COMPANY *et al. v.* WATSON.

DECIDED NOVEMBER 14, 1942.

*James R. Murphey, Price Edwards,* for plaintiffs in error.
*D. B. Howe,* contra.

SUTTON, J. Mrs. Annie Lou Watson brought a trover action against the Douglas Motor Company for a described automobile of the alleged value of $700 and for hire thereof. The defendant answered, admitting possession of the automobile, but denied that the plaintiff had any title to the property involved. The case proceeded to trial and the jury returned a verdict for the plaintiff for $216.72. The defendant made a motion for a new trial, and the exception here is to the judgment overruling that motion on the general grounds.

The plaintiff in error contends that the amount of the verdict was in excess of what the plaintiff was entitled to recover. It ap-

pears from the evidence that the automobile in question was purchased by the plaintiff from the defendant, under a retention-title contract, in July, 1940, and that it was damaged or wrecked by the husband of the plaintiff on February 14, 1941, and was on that date placed in a garage by the plaintiff for repairs. On May 15th thereafter, the defendant, without permission or authority from the plaintiff, removed the automobile from the garage and took possession of it. The plaintiff testified that the value of the automobile at the time it was taken possession of by the defendant was $700, and that the reasonable hire thereof was $25 per month; that the face value of it was $880 (meaning the purchase price). Joe Douglas, an officer of the defendant company, testified that the plaintiff owed a balance of $533.38 on the automobile when the defendant took it out of the garage and took possession of it, and that she had made eight payments of $27.08 each on the purchase price of the automobile. He also testified that the balance due at the time the defendant took the car included interest on the remaining deferred payments, insurance, and carrying charges, and that "She didn't actually owe $535; taken in consideration of rebate it would be a little less than that—I would say approximately $35 to $50, not over $50, rebate."

Where the vendor of personal property to which title is retained until it is paid for in full wrongfully deprives the vendee of possession, the vendor is guilty of conversion, and the vendee may maintain an action of trover against the vendor for the property. *White* v. *Dodson,* 41 *Ga. App.* 436 (153 S. E. 233); *Walker* v. *Ayers,* 47 *Ga. App.* 113 (169 S. E. 784). "The plaintiff in an action to recover personal property may elect whether to accept an alternative verdict for the property or its value, or whether to demand a verdict for the damages alone, or for the property alone and its hire, if any; and it shall be the duty of the court to instruct the jury to render the verdict as the plaintiff may thus elect." Code, § 107-105. When the plaintiff elects to demand a verdict for damages alone, as she did in the present case, and the evidence shows that the interest of the plaintiff in the property at the time of the conversion is less than that of absolute ownership, the measure of damages will be the value of the plaintiff's interest therein, whatever it may be. *Holmes* v. *Langston,* 110 *Ga.* 861, 867 (2) (36 S. E. 251). Where the plaintiff in a trover action elects to

take a money verdict, he may recover the value of the property at the date of the conversion, with interest from that date, or he may recover the value of the property at the date of the conversion, with a reasonable hire from that date to the date of the trial, if the property is of a character that hire may be recovered. *Smith* v. *Duke*, 6 *Ga. App.* 75 (2) (64 S. E. 292); *Garrett* v. *Atlanta Home Underwriters*, 35 *Ga. App.* 404 (133 S. E. 265); *O'Neill Mfg. Co.* v. *Woodley*, 118 *Ga.* 114 (44 S. E. 980). The plaintiff in the present case sued for the property and hire, and, on the trial, elected to take a money verdict. Under the evidence the jury was authorized to find that the value of the car at the date of the conversion was $700; that the balance owed by the plaintiff to the defendant at that time was $533.38, including interest on the deferred payments, insurance, and carrying charges; and that her interest in the property was the difference between these two amounts, viz., $166.38. In addition to this, there was evidence that the reasonable hire of the property was $25 per month, and the date of the conversion was May 15, 1941. The date of the verdict was February 2, 1942. The period between the conversion and the verdict was eight months and seventeen days, and the hire for that time at $25 per month would amount to more than $200. Where the plaintiff in an action of trover elects to take a money verdict, the proper practice is for the jury to return a verdict in a lump sum, including the value of the property and interest or the value of the property and hire. The amount of the verdict was $216.72, and this was well within the range of the evidence, if the jury allowed the plaintiff anything as hire in addition to the value of the plaintiff's interest in the property.

Also, the amount of the verdict can be sustained under another view of the evidence. There was evidence by the defendant to the effect that the plaintiff did not actually owe $533.38 on the car at the time of the conversion, but said amount included interest on the deferred payments, insurance, and carrying charges; and, taking into consideration the rebate, it would be as much as $50 less than $533.38. It will be seen that if $50 is deducted from $533.38, it will leave $483.38, and the jury could have found, under the evidence, that this was the balance due by the plaintiff to the defendant at the date of the conversion of the automobile. The $483.38 deducted from the value of the car, $700, leaves $216.62,

338

which is just ten cents less than the amount of the verdict. "Verdicts shall have a reasonable intendment, and shall receive a reasonable construction, and shall not be avoided unless from necessity." Code § 110-105. The presumptions are in favor of the validity of the verdict of a jury, and the verdict should be construed so as to stand, if practicable. See *Beaver* v. *Magid*, 56 *Ga. App.* 272, 279 (192 S. E. 497), and citations. So, under either of the above views of this case, the verdict was authorized by the evidence.

*Judgment affirmed. Stephens, P. J., and Felton, J., concur.*