Commercial Credit Corporation, Appellant, v. Joseph Fatz, Appellee.

Gen. No. 45,620.

Opinion filed April 30, 1952. Released for publication May 20, 1952.

EDWARD P. McKEOWN, RAYMOND J. BOLAND, and JAMES C. O'BRIEN, all of Chicago, for appellant.

ANTHONY ROTUNNO, of Chicago, for appellee; C. VERNON THOMPSON, of Chicago, of counsel.

MR. JUSTICE LEWE delivered the opinion of the court.

Plaintiff brought an action in replevin to recover possession of an automobile under the terms of a conditional-sales contract. Trial by the court without a jury resulted in a finding and judgment in favor of the defendant. Plaintiff appeals.

The facts are stipulated. July 14, 1949 Vanroe Hicks, a resident of Kentucky, purchased an automobile from one Bob Lawrence, a used-car dealer located in Murray, Kentucky. On that date Hicks executed a conditional-sales agreement which recites that there is a balance due Lawrence on the purchase price of the automobile in the sum of $1,045.60 payable in eighteen monthly installments of $58.57 each commencing August 1, 1949. The agreement provides among other things that the title to the automobile shall remain in Lawrence until all the payments are fully paid; that the agreement may be assigned; that the purchaser [Hicks] will not sell or encumber the automobile; that in the event of default of payment the holder of the agreement may, without notice or demand for performance or legal process, lawfully enter any premises where the car may be found, take possession of it and retain all payments as compensation for the use of

the car while in purchaser's possession, and that the rights of the parties and their assigns shall be determined in conformity with the provisions of the Uniform Sales Act now in force in the State of Kentucky.

Lawrence assigned his interest in the conditional-sales agreement to plaintiff. Afterwards, on July 15, 1949, the assignment and the conditional-sales agreement were recorded in the office of the clerk of the county court of Calloway county, Kentucky.

March 30, 1950 Vanroe Hicks sold and delivered the automobile to D & W Auto Sales, used-car dealers, in Chicago, Illinois. Hicks also assigned the Kentucky Certificate of Title to the automobile to D & W Auto Sales. April 1, 1950, D & W Auto Sales received from the Secretary of State of Illinois a Certificate of Title for the automobile in controversy. April 17, 1950, D & W Auto Sales sold the automobile to Russell S. Adkins, and assigned to Adkins the Certificate of Title. May 6, 1950, Adkins applied to the Secretary of State of Illinois for a Certificate of Title and directed him to mail the certificate to defendant Fatz, a resident of Chicago, Illinois. Thereafter defendant, without knowledge of any infirmity in the title to the automobile, applied for a Certificate of Title to the Secretary of State of the State of Illinois. In this application defendant stated that he purchased the automobile from Adkins and that it was not subject to any lien. June 2, 1950 the Secretary of State of Illinois issued a Certificate of Title to defendant. This Certificate of Title issued to defendant, like the other preceding it, does not show that the automobile is subject to any liens or encumbrances. June 26, 1950, Hicks made a payment to plaintiff of $107.40 which amount was due under the terms of the conditional-sales agreement on April 1, 1950. Since then no further payments have been made. The unpaid balance at the time this suit was instituted

was $587. A copy of the conditional-sales agreement is incorporated in the agreed statement of facts.

The facts show that the conditional-sales agreement upon which this action is based is held by plaintiff as assignee; that it was executed by Hicks as purchaser and Lawrence as seller; and that it was acknowledged and filed for record in the county clerk's office in the county where Hicks, the purchaser, resided in the State of Kentucky.

■ Defendant contends that plaintiff's rights under the laws of Kentucky were neither admitted nor properly presented, and therefore the trial court could not take judicial notice of them. We think this contention is without merit for the reason that the stipulated facts show plaintiff's claim is based on a conditional-sale agreement executed in Kentucky. Moreover the conditional-sale agreement expressly provides that the rights of the parties shall be determined according to the Uniform Sales Act in force in that State. Under these circumstances no further notice, either in the pleadings or otherwise, is required. Our courts of review have repeatedly held that under section 1 of the Act in Relation to Judicial Notice, Ill. Rev. Stat. 1949, State Bar Asso. Ed., chapter 51, paragraph 48a [Jones Ill. Stats. Ann. 107.122], we take judicial notice of the Uniform Sales Act of Kentucky. See *People v. Casey,* 399 Ill. 374; *Moscov v. Mutual Life Ins. Co. of New York,* 387 Ill. 378; *Roberts v. Sauerman Bros., Inc.,* 300 Ill. App. 213. The Uniform Sales Act of Kentucky is the same as that of Illinois. Kentucky Rev. Stats. 1948, 4th Biennial Ed., Chapter 361 et seq. In our opinion the conditional-sales contract here involved and the assignment thereof to plaintiff are in substantial compliance with the laws of Kentucky.

This brings us to the basic question presented for determination—whether the plaintiff can enforce in

Illinois the conditional-sales agreement, executed in Kentucky, against the defendant, a bona fide purchaser.

Under almost identical circumstances the precise question presented in this case was determined in *First National Bank of Nevada v. Swegler,* 336 Ill. App. 107. In that case the plaintiff bank, located at Reno, Nevada, made a loan to Mrs. Martha Bell who executed a note secured by a chattel mortgage on her automobile. The mortgage was recorded in the State of Nevada and a Certificate of Registration issued indicating that the plaintiff bank was the legal owner of the automobile. Afterwards Mrs. Bell obtained a Certificate of Title from the State of Wyoming issued in the name of Mrs. Margaret Holt. As in the instant case, the Certificate of Title did not indicate any liens against the automobile. Later Mrs. Bell, alias Mrs. Margaret Holt, sold the automobile to a used-car dealer named Johnson. Johnson did not know that the automobile had been previously mortgaged to the plaintiff bank nor that the Certificate of Title issued to Mrs. Bell by the State of Wyoming had been obtained through fraud. Johnson, an innocent purchaser for value, subsequently sold the automobile to the defendant Swegler, a bona fide purchaser, who also received a Certificate of Title from the Secretary of State of Illinois showing title clear of all liens. In that case, as here, the plaintiff contended that its title was superior to that of any subsequent bona fide purchaser for value. This court, First Division, speaking through MR. JUSTICE TUOHY, held: "The weight of authority is to the effect that the owner of a chattel mortgage, valid in the State where it is executed and recorded, has a prior right in the property mortgaged against an innocent purchaser for value who purchases the property in Illinois." To the same effect see *Graver Bartlett Nash Co. v. Krans,* 239 Ill. App. 522, and

545

*Associates Discount Corp. v. Colonial Finance Co.,* 88 Ohio App. 205, 98 N. E. (2d) 848.

█ Since we find that the conditional-sales contract is valid and enforceable in the State of Kentucky where it was executed and recorded, we hold under the authorities cited that it is enforceable in Illinois.

For the reasons given, the judgment is reversed and the cause is remanded with directions to enter judgment in favor of the plaintiff.

*Reversed and remanded with directions.*

KILEY, P. J. and FEINBERG, J., concur.