Associates Discount Corporation, Plaintiff-Appellant, v. Harold D. Walker, d/b/a Walker's Used Cars, Defendant-Appellee.

Gen. No. 11,637.

Second District, Second Division.

January 29, 1963.

149

Ralph J. Coletta, and James A. Cummings, of Peoria, for appellant.

Elmer F. Gury, of Peoria, for appellee.

SPIVEY, J.

This was an action of trover brought in the Circuit Court of Peoria County by the appellant, Associates Discount Corporation, against Harold D. Walker, d/b/a Walker's Used Cars. The facts were stipulated by the parties and heard by the Court without a jury.

On June 3, 1957, an Illinois Certificate of Title to a Cadillac automobile was issued to Gene Smith of Champaign, Illinois, by the Illinois Secretary of State. Smith, a used car dealer, acquired the automobile by purchase from J. C. Campbell, a resident of Michigan. Smith sold the automobile to an automobile dealer in Indianapolis named Concannon. On August 8, 1957, Concannon sold the automobile to a man by the name of Byers at Indianapolis. Byers paid $850 in cash and executed a conditional sales contract and note for the balance of $3,000. The conditional sales contract, which

was attached to plaintiff's Complaint as an exhibit, was designated "Illinois Conditional Sales Contract" and was prepared on a form furnished by the plaintiff financing company. The conditional sales contract provides for the usual retention of title in the vendor, the assignment of the contract to the plaintiff financing company, and that Byers, a resident of Decatur, Illinois, should make the payments provided therein at the plaintiff's office in Chicago, Illinois. According to the contract the automobile should not be sold, encumbered or removed from Macon County where the vendee then resided without the written consent of the owner.

On August 8, 1957, Concannon assigned the conditional sales contract and the note of Byers to the plaintiff. At the same time, the seller delivered possession of the automobile and assigned the certificate of title to Byers. The lien of the conditional sales contract was noted thereon in favor of the plaintiff.

It was further stipulated by the parties that some time later Byers obtained a certificate of title to the automobile from the State of Mississippi which failed to show any lien. Thereafter, Byers sold the automobile at an auction in Moline, Illinois, and the defendant, Harold D. Walker, a used car dealer from Peoria, Illinois, d/b/a Walker's Used Cars, purchased the automobile. The defendant removed the automobile from Moline to his lot in Peoria, secured an Illinois certificate of title and on August 15, 1957, sold the auto to an automobile dealer from Tennessee.

It was further stipulated by the parties that the defendant was at the time of the sale of the automobile on August 15, 1957, without any knowledge of the foregoing facts and was a bona fide purchaser for value. Some time later, the plaintiff learned of the facts and through its attorney made a demand on defendant in June of 1959 for the value of the automobile. The defendant refused to honor the demand and the plaintiff

151

instituted this suit in trover. Among the allegations set forth in the plaintiff's complaint was the allegation that the defendant, in selling the automobile to the Tennessee dealer, "tortiously and wrongfully converted the same to his own use."

Although nothing is shown by the record as to which State issued the title certificate which plaintiff assigned to Byers, presumably this was the same Illinois certificate of title issued to Smith.

The trial Court found for the defendant and the appellant brings this appeal.

Plaintiff assigns two errors: first, that the Court erred in holding that malice or wrongful intent is necessary to establish a conversion and, second, that the Court should have entered judgment for the plaintiff for $3,100 and interest from the date of the judgment, the $3,100 being the sale price of the automobile when sold by the defendant to the Tennessee dealer.

Counsel for both parties submit that the sole question to be decided on review is whether the facts set forth constitute an actionable conversion. Plaintiff puts the question in this manner, "Did Harold Walker convert the 1956 automobile?" Defendant states the question, "Did the defendant, Harold D. Walker, a bona fide purchaser for value without notice in Illinois 'tortiously and wrongfully' convert the automobile in which the plaintiff had a property interest under a Conditional Sales Contract which was properly recorded in Indiana?"

From the foregoing it may be seen that the sole issue presented by this appeal is whether culpability or conscious wrongdoing is a necessary element in an action of trover. Neither party cites any Illinois authority on the point.

An examination of the history and development of the common law action of trover discloses that it was based upon the legal fiction that the plaintiff

152

lawfully possessed a certain chattel, casually lost the same and that it came into the possession of the defendant and the defendant has refused to return it and converted it to his own use and, therefore, should be required to pay the plaintiff its value. The defendant was not at liberty to deny the legal fiction. Puterbaugh's Pleading and Practice, Common Law, Eighth Edition, Page 293, et seq. and cases therein cited.

██ Malice, culpability or conscious wrongdoing is not a necessary element to establish a conversion for which trover will lie. All that is required is the exercise upon or control over the chattel inconsistent with the plaintiff's right of possession. Gordon v. Krieger, 251 Ill App 166; Mead v. Thompson, 78 Ill 62; Illinois Cent. R. Co. v. Parks, 54 Ill 294; and Gibbs v. Jones, 46 Ill 319.

██ There are numerous references in the reported cases where the Courts refer to the conversion as being "tortious, wrongful" and other expressions connoting culpability. However, an examination of these cases shows the Courts were dealing with the question of the necessity of the demand (Puterbaugh's Pleading and Practice, Common Law, Eighth Edition, Page 300), or the question of punitive damages. Where the defendant is guilty of malice or conscious wrongdoing this may be specially pleaded and proved as an aggravation warranting punitive damages. Allen v. Gable, 180 Ill App 472; Mansur-Tebbetts Implement Co. v. Smith, 65 Ill App 319; Tripp v. Grouner, 60 Ill 474. It is apparent from these authorities that there was a "tortious and wrongful conversion" by the defendant of the automobile in the sense that he exercised dominion over it contrary to the rights of plaintiff although he was entirely innocent and ignorant of the plaintiff's rights at the time.

Counsel for plaintiff relies upon the case of First Nat. Bank of Nevada v. Swegler, 336 Ill App 107, 82

NE2d 920, as authority for his right to recover. Counsel for the Appellee relies upon the case of National Bond & Inv. Co. v. Moss, 263 Ill App 187.

The Moss case was an action of trover involving the following facts: An automobile was sold on time in Wisconsin. The purchaser gave the seller a note and chattel mortgage on the automobile, the latter being properly recorded in Wisconsin. The seller then assigned the note and chattel mortgage to a finance company. Purchaser defaulted in the payments and contrary to the terms of the chattel mortgage wrongfully took the automobile to Illinois and sold it to an automobile dealer who thereafter sold it to an unknown party. The finance company later learned that the Illinois dealer had come into the possession of the automobile and instituted the action of trover. The Court held for the defendant stating:

"The controlling question in this case is whether the plaintiff's right to possession of the automobile under a valid recorded Chattel Mortgage in Wisconsin containing the provisions before set forth, is paramount against a bona fide purchaser for value without notice in Illinois. In this connection the plaintiff insists that the Courts of Illinois will extend the doctrine of comity so as to give validity to a foreign mortgage in Illinois as against an innocent purchaser. We can not agree with this conclusion, however. It was held in Snow vs. Breene, 248 Ill App 518 and Dawes vs. Rosenbaum, 179 Ill 112 that the Courts of this State will not enforce a mortgage executed out of this State conveying personal property against a bona fide purchaser for value in this State, who had neither actual nor constructive notice of its existence. Furthermore, the pleadings herein allege that the defendant 'had wrongfully taken, unlawfully, willfully and maliciously converted the

154

disposed automobile to its own use with intent to defraud and cheat the plaintiff, etc.' The record contains no evidence to sustain the allegations. If the original taking was rightful and if detention was rightful there is no conversion and trover does not lie. (Vincent vs. Riling, 168 Ill App 445) Moss having no actual or constructive notice of the mortgage, rightfully acquired possession and title to the automobile in question from *the views hereinbefore expressed* with reference to the rights of innocent purchasers of property mortgage in a foreign state, we are of the opinion that the detention was likewise rightful." (Emphasis ours.)

An examination of the case of Dawes v. Rosenbaum, cited by the Court in the Moss case as authority for its holding, shows that it does not support the position contended for it. The Dawes case turns on the fact that on the date of the sale of the mortgaged property, the mortgagor was in lawful possession, there being no default, and had a right to sell it, therefore, the sale was not a conversion. The Court further observed "but even though it should be conceded that the sale was a conversion, Appellee could not recover in trover because at the time of the sale, August 3, 1893, neither the Appellee nor the Farmer's Savings Bank had any right of property general or special in the mortgaged property or any right to possession of it." Therefore, trover would not lie. Nor does the other case of Snow v. Breene cited by the Court support the position contended for it. The plaintiff failed in that case primarily because of a failure of proof.

It is also interesting to note that the First District Appellate Court in the Moss case did not mention or attempt to distinguish the case of National Bond & Inv. Co. v. Larsh, 262 Ill App 363, which was decided six months earlier in the Fourth District Appellate Court, which takes a contrary view with the exception

155

that it was a suit in replevin rather than trover upon which we will comment later.

The Swegler case relied upon by the plaintiff follows the Larsh case. In that case a Mrs. Bell borrowed money from plaintiff bank in Nevada and gave a note and chattel mortgage on an automobile. The mortgage was properly recorded in Nevada and a certificate of title was issued in Nevada showing plaintiff to be the owner. Mrs. Bell obtained a certificate of title to the automobile from the State of Wyoming issued in the name of Holt, a fictitious name, and showing no liens against the automobile. Later Mrs. Bell wrongfully removed the auto from Nevada and under the alias of Holt sold the automobile in Illinois to an automobile dealer, who sold it to defendant, a bona fide purchaser without notice of plaintiff's mortgage. Plaintiff sued in replevin and the trial court entered judgment for the defendant. The Appellate Court on review reversed the lower court by extending the doctrine of comity to a valid foreign mortgage. Defendant sought to rely upon the Moss case and the Court distinguished that case on the ground that it was an action in trover rather than one in replevin and commented, the relief sought was not one against the property but against the person, and repeated what was said in the Moss case, that is, the pleadings in the Moss case allege that the defendant "had wrongfully taken, unlawfully, willfully and maliciously converted and disposed of said automobile to its own use with intent to defraud and cheat the plaintiff etc. . . . and the record contained no evidence to sustain the allegations." The distinction thus made is without merit. It infers that since trover is an action in personam and replevin is an action in rem, this is a sufficient distinction to justify a different result.

It also infers as does the Moss case that the allegations of the conscious wrongdoing must be proved for

trover to lie, which we have seen is not the case. The fact is, that the opinion in the Moss case and the opinion in the Swegler case are diametrically opposed. The Swegler case, however, is more in accordance with modern authority (Conflict of Laws, Stumberg's Second Edition, Page 393, et. seq.), and has been followed in the case of Commercial Credit Corp. v. Fatz, 346 Ill App 541, 105 NE2d 789, and also in the recent case of General Motors Acceptance Corp. v. Elder, 24 Ill App2d 55, 163 NE2d 721. The Elder case involves facts quite similar to the case at bar. In that case the automobile was sold in Kentucky to Gaw, a person who was apparently an Illinois resident, on a conditional sales contract. The Kentucky law was complied with so as to render the lien valid in Kentucky. The Vendor knew that the car would be used in both Kentucky and Illinois. The Vendor then assigned the contract and note to a financing company. Then Gaw obtained an Iowa certificate showing no lien and the car was subsequently sold at an auction by Gaw to an Illinois bona fide purchaser for value without notice of the Vendor's assignee's rights. The Court in a replevin suit held for the plaintiff and stated:

"To summarize, the seller and its assignee, the plaintiff herein, did comply with the laws of Kentucky as to recording of the sales agreement. The title did not pass at any time to Gaw. Not having title, he could not pass title to any purchaser from him, unless he had permission so to do, or the seller was estopped from denying his authority to sell, neither of which exceptions appear here. The buyer gave his residence as Chicago, Illinois, so there was no question he would take the automobile to another state. The Kentucky court held that where the intention of the parties was that the automobile would be removed into another state and have its operations there, the laws of that state

157

would govern, in this case, the laws of Illinois. The fact that Gaw registered the automobile in Iowa would not affect the matter since it is not contended that Gaw ever resided in Iowa and the presence of the automobile in Iowa was more in the nature of in transitu. Although the defendant here may be considered as an innocent purchaser for value, under our laws his rights are subordinate to that of the owner. Commercial Credit Corp. v. Fatz, 346 Ill App 541; First Nat. Bank of Nevada v. Swegler, 336 Ill App 107; National Bond & Investment Co. v. Larsh, 262 Ill App 363. The conditional sales contract was valid and enforceable in Kentucky, therefore it is enforceable in Illinois."

█ It is conceded in defendant's brief that the conditional sales contract under which the plaintiff makes its claim was properly recorded in Indiana. It is also conceded that the lien was noted upon the certificate of title. The fact that Byers wrongfully obtained a Mississippi title does not affect the plaintiff's rights because the plaintiff was not obliged to anticipate Byers' wrongful act and is guilty of no act or omission such as would constitute an estoppel, nor does the defendant contend that it was. Central Finance Co. of Peru v. Garver (Ind App), 97 NE2d 503. It is important to note that at the time of the conversion in this case, conditional sales contracts were not required to be recorded in Illinois and that the lien was noted on the Illinois certificate of title.

█ █ We believe that the cases of Gordon v. Greider, 251 Ill App 166; General Acceptance Corp. v. Elder, 24 Ill App2d 55, 163 NE2d 72, and the cases therein cited are controlling in this case unless it may be said that a different result should be reached in the case of trover than in a case of replevin when considering the validity and enforceability of a foreign lien against the local bona fide purchaser for value. We can perceive

of no reason to make such a distinction in this case. It would seem absurd under the facts of this case and similar cases to say that if you bring a suit against the defendant while he still has the automobile you may recover the car but where he disposes of it before you bring your suit he may keep the proceeds of the sale and you take nothing. Udell v. Slocum, 56 Ill App 216; Dart v. Horn, 20 Ill 213; Pike v. Colvin, 67 Ill 227, and Puterbaugh's Pleading and Practice, Common Law, Eighth Edition, Pages 296, 310 and 312.

The judgment of the Circuit Court of Peoria County is reversed and since the facts were stipulated, judgment is entered here in the amount of $3,100 for appellant and against appellee.

Reversed and judgment here.

WRIGHT, P. J. and CROW, J., concur.