WALTER KOUBA *et al.*, Plaintiffs-Appellants, v. EAST JOLIET BANK *et al.*, Defendants-Appellees.

Third District   No. 3—84—0392

Opinion filed July 19, 1985.

STOUDER, J. dissenting.

Alan R. Bruggeman, of Condon & Bruggeman, of New Lenox, for appellants.

James R. Fabrizio, of Garrison, Fabrizio & Hanson, Ltd., of Joliet, for appellee Kiester's Garage.

Russell H. Loverude and Pamela E. Davis, both of Thomas, Wallace, Feehan, Baron & Kaplan, Ltd., of Joliet, for appellee East Joliet Bank.

PRESIDING JUSTICE HEIPLE delivered the opinion of the court:

This is an appeal from an order of summary judgment entered in favor of defendants East Joliet Bank and Dave Kiester, d/b/a Kiester's Garage. The bank held a security interest in a Ford Bronco truck purchased by the plaintiffs, Walter and Acelia Kouba. Because the plaintiffs were in default on their monthly loan payments, the bank contracted with Leroy Campbell, d/b/a Recoveries Unlimited, to repossess the truck. Campbell in turn hired defendants Mau, Sullivan and Schroll, who went onto plaintiffs' property to recover the truck. When confronted by the plaintiffs, defendant Mau allegedly grabbed Acelia Kouba by the neck, threw her to the ground and took the truck by force. The repossessors then allegedly started the truck on fire and dropped it off of a tow truck hoist shortly before the police arrived. Later, the vehicle was destroyed by fire while being stored at Kiester's Garage.

Defendants Sullivan and Schroll have never been found for service of summons and were dismissed by plaintiffs. A default judgment was entered against defendants Mau and Campbell.

The plaintiffs submit the following issues on appeal: (1) whether the grant of summary judgment as to the bank contradicts the intent of the Uniform Commercial Code; (2) whether there is an issue of fact as to the bank's vicarious liability for the tortious conduct of the repossessors; and (3) whether the plaintiffs have a cause of action against Dave Kiester and Kiester's Garage as the third-party beneficiaries of the bailment contract between the bank and Kiester.

In its motion for summary judgment, the bank argued that there

was no genuine issue of fact as to its liability since the pleadings and affidavits established that the repossessors were independent contractors. The plaintiffs ask this court to ignore agency principles and subject the bank to statutory liability under article 9 of the Uniform Commercial Code (Ill. Rev. Stat. 1983, ch. 26, par. 9—101 *et seq.*). In the alternative, the plaintiffs argue that the doctrine of *respondeat superior* is applicable to the bank because the repossessors were its agents. Therefore, the bank is liable for the common law torts of the repossessors.

Section 9—503 of the U.C.C. (Ill. Rev. Stat. 1983, ch. 26, par. 9—503) permits a secured party to take possession of the collateral following default without judicial process if repossession can be accomplished without a breach of the peace. It is beyond dispute that the repossessors hired by the bank caused a breach of the peace in the present case. However, section 9—503 itself does not provide an aggrieved debtor with a cause of action. The remedy is found in section 9—507, which has been construed as granting statutory relief for any violation of article 9, part 5. This includes a breach of the peace under 9—503. White & Summers, Uniform Commercial Code sec. 26—14 (2d ed. 1980).

The statutory remedies are twofold. First, if the collateral is consumer goods, the debtor may recover the credit service charge plus 10% of the principal amount of the debt, plus 10% of the cash price. Second, the secured party may be denied a deficiency judgment. (*Staley Employee Credit Union v. Christie* (1982), 111 Ill. App. 3d 165.) There are a number of problems with applying these remedies to the present case.

Section 9—507, by its terms, applies after disposition of the collateral. There has been no disposition here. There is also a question as to whether 9—507 applies to secured parties in cases where an independent contractor rather than an employee is charged with committing a breach of the peace in violation of section 9—503. There are no Illinois cases on point.

■ After examining count I of the plaintiffs' complaint, we find that we need not consider the applicability of 9—507. The plaintiffs have failed to specifically plead a statutory remedy under 9—507. Therefore, they must rely on common law remedies for wrongful repossession. The plaintiffs allege that the repossession is wrongful due to the tortious acts of the repossessors, *i.e.*, assault, battery, trespass and conversion. Since we are now dealing with common law rather than statutory liability, we must first determine whether the bank is responsible under the law of agency for the conduct of others.

■ An employer is generally not liable for the acts of independent contractors. The test of whether one is an independent contractor or employee is the extent of the employer's right to control the manner and method in which the work is to be carried on. (*Gunterberg v. B & M Transportation Co.* (1975), 27 Ill. App. 3d 732.) We agree with the bank's assertion that the repossessors were independent contractors.

The record reveals that the repossessors were not on the bank's payroll and were paid on a per car, flat-fee basis. The repossessors exercised complete discretion as to how and when the vehicles were to be repossessed and used their own tools and equipment. The bank had no right of control.

■ The plaintiffs concede that the repossessors fit within the commonly accepted description of an independent contractor but insist that they are also agents and that principals are liable for the torts of their agents. A master is liable for the acts of his servant committed within the scope of employment, and a principal is liable for the acts of an agent performed within the scope of the agency, but neither is liable for the acts of an independent contractor. (*Gomien v. Wear-Ever Aluminum, Inc.* (1971), 50 Ill. 2d 19.) Therefore, an employer is not responsible for the physical acts of an independent contractor who also happens to possess the powers of an agent.

An attorney, broker, auctioneer and similar persons employed for a single transaction or for a series of transactions are agents, although as to their physical activities they are independent contractors. (*Hoffman & Morton Co. v. American Insurance Co.* (1962), 35 Ill. App. 2d 97; Restatement (Second) of Agency sec. 1, comment e, at 11 (1958).) Thus, even if we agreed with the plaintiffs that the repossessors were the bank's agents, it is clear that in regard to their physical activities, the repossessors were independent contractors.

■ There are exceptions to the rule which insulate an employer from liability for the acts of an independent contractor, but none are applicable here. An employer could be liable if he fails to exercise reasonable care in selecting a competent contractor or if the employer orders or directs the injurious act. (*Gomien v. Wear-Ever Aluminum, Inc.* (1971), 50 Ill. 2d 19.) However, the plaintiffs do not allege that the bank was negligent in hiring the repossessors or directed the tortious acts complained of.

The complaint and affidavits fail to raise any genuine issue as to the bank's statutory liability or accountability for the tortious acts of the repossessors. Accordingly, we affirm the order of summary judgment entered in favor of the bank.

In count II of their complaint, the plaintiffs alleged that defendant Kiester was negligent in failing to take reasonable care of the truck and protect it from tampering while it was being stored following repossession. In an affidavit accompanying his motion for summary judgment, Kiester stated that the plaintiffs' truck suddenly exploded after being parked outside Kiester's Garage on the morning of June 7, 1982. Kiester stated that in his professional opinion as an auto mechanic and based on an examination of the vehicle after the fire, the explosion was caused by an accelerant or by explosives.

Plaintiffs filed a counteraffidavit from a Ford Motor Company consultant, who stated that an automobile that had been hot-wired could unexpectedly catch fire or explode if improperly wired. There is nothing to indicate that the truck had in fact been hot wired.

In granting Kiester's motion for summary judgment, the trial court ruled that the plaintiffs had no standing to sue because they were in default, out of possession of the truck and had no contract with Kiester. In short, Kiester owed no duty of care to the plaintiffs.

On appeal, the plaintiffs claim standing to sue Kiester based on their alleged status as third-party beneficiaries of the bailment contract between the bank and Kiester. The plaintiffs do not challenge the court's finding that they had no standing to sue because they were in default and out of possession. For reasons which follow, we find that the court's second finding was error. Therefore, we need not address plaintiffs' third-party beneficiary argument.

The plaintiffs' standing to sue Kiester depends upon the extent of their property interest in the truck following default and repossession. Article 9 of the U.C.C. takes no position as to the location of title. (Ill. Rev. Stat. 1983, ch. 26, par. 9—202.) Therefore, pre-Code common law pertaining to chattel mortgages and conditional sales governs the question of title in this case. Ill. Rev. Stat. 1983, ch. 26, par. 1—103.

In Illinois, it has been held that legal title to property subject to a security interest passes to the creditor after he has taken possession following default. (*Matson v. City Market Co.* (1931), 262 Ill. App. 200.) However, the creditor's title is not regarded as absolute, since the debtor retains the right to surplus proceeds following sale of the collateral. (*Greenspahn v. Ehrlich* (1934), 277 Ill. App. 322.) Also, a debtor has rights and property interests in the collateral under the U.C.C. which further erode a common law creditor's claim to absolute title.

A debtor has the right to an accounting for surplus proceeds of the collateral. (Ill. Rev. Stat. 1983, ch. 26, par. 9—501(3)(a).) The

debtor may also redeem the collateral prior to disposition by tendering fulfillment of all obligations secured by the collateral plus the creditor's reasonable expenses. (Ill. Rev. Stat. 1983, ch. 26, par. 9—501(3)(d).) While the collateral is in the possession of the secured party, the risk of accidental loss or damage is on the debtor to the extent of any deficiency in insurance coverage. (Ill. Rev. Stat. 1983, ch. 26, par. 9—207(b).) Finally, a debtor has an insurable interest in the collateral which is not terminated by foreclosure or repossession. *Brown v. State Farm Fire & Casualty Corp.* (1975), 33 Ill. App. 3d 889.

It has been suggested that a debtor should have a right of action against a third party who damages the collateral following default and repossession to the extent of the debtor's property or insurable interest in the collateral. (69 Am. Jur. 2d *Secured Transactions* sec. 264 (1973).) As discussed above, a debtor retains significant rights and responsibilities with regard to the collateral after default. We believe that these rights and liabilities are sufficient to permit a debtor to maintain an action against a third party who negligently damages the collateral after default and repossession by the secured party.

Since the collateral here has been totally destroyed, the plaintiffs should be permitted to pursue their claim to recover its market value. This is so because the collateral stood as security for the loan. Destruction of the collateral meant that its market value would not be applied to the loan balance and the plaintiffs would accordingly be obligated to that extent. And if, fortuitously, the collateral had been worth more than the loan balance, the plaintiffs were further damaged to the extent of such surplus.

We note that in count I of their complaint, in addition to alleging a cause of action against the bank for wrongful repossession, the plaintiffs also allege that the bank is vicariously liable for the negligence of Kiester in caring for the truck. However, on appeal the plaintiffs do not reassert these allegations in opposition to the bank's successful motion for summary judgment. Therefore, the issue is not properly before this court.

The order of the circuit court of Will County granting the East Joliet Bank's motion for summary judgment is affirmed. The order granting the motion for summary judgment of Dave Kiester and Kiester's Garage is reversed and the cause remanded.

Affirmed in part; reversed in part; cause remanded.

WOMBACHER, J., concurs.

JUSTICE STOUDER, dissenting:

I agree with the majority that the motion for summary judgment in favor of Kiester's Garage should not have been granted, and I join in the reversal of that count. I do not agree that the bank has no liability for the acknowledged breach of section 9—503 by breaching the peace in retaking plaintiff's truck. There is no dispute that plaintiff Acelia Kouba was dragged from the truck by her neck during the repossession or that such an action on the part of the repossessors constituted a breach of the peace. The majority relies upon an agency theory to relieve the bank of potential liability seemingly on the premise that because the plaintiff did not specifically plead a remedy under section 9—507 of the Uniform Commercial Code that the Code does not apply and that the common law must be resorted to. Section 9—507 is available "if it is established that the secured party is not proceeding in accordance with the provisions of this Part [part 5]." (Ill. Rev. Stat. 1981, ch. 26, par. 9—507.) Injunctive relief is clearly available as well as the liquidated amount alluded to by the majority. Merely because the relief provided for in section 9—507 may be inappropriate under the circumstances of this case does not affect the liability of the bank. Furthermore, because the plaintiff may choose to pursue a tort action against the bank for breach of section 9—503 does not change the relationship of the repossessors and the bank. As the Code states in section 1—103, "Unless displaced by the particular provision of the Act the principles of law and equity shall supplement its provisions." (Ill. Rev. Stat. 1981, ch. 26, par. 1—103.) Therefore, a failure to plead under the Code does not reinstitute former common law displaced by the Code nor does it affect common laws, i.e., principle and agency which supplement the Code. A failure to plead section 9—507 has no bearing upon the relationship between the bank and the liability of the bank as the majority suggests.

Furthermore, the majority refers to "two statutory remedies" one of which is section 9—507 and the other is the denial of a deficiency judgment. Nowhere in article 9 is there any reference to the denial of a deficiency judgment as a remedy for unlawful repossession or for anything else. The Illinois Code Comment under subsection (1) of section 9—507, in discussing damages available under section 9—507, states:

> "While the bulk of cases imposing damages under this subsection have concerned failure by a secured party to follow the requirements of 9—504(3) (particularly concerning notice of sale to the debtor), several cases have imposed damages for violation of other requirements of Part 5 of Article 9. *** in Margo-

lin v. Franklin 132 Ill. App. 2d 527, 270 N.E.2d 140 (1st Dist. 1971), the court upheld a judgment which denied the secured party a deficiency judgment and awarded debtors damages for conversion, on the ground that the secured party, having accepted late payments for some time, could not suddenly insist on strict timeliness without warning the debtor." (Ill. Ann. Stat., ch. 26, par. 9—507, Illinois Code Comment, at 360 (Smith-Hurd 1974).)

This comment indicates that, contrary to the majority view, section 9—507 encompasses a number of remedies, i.e., conversion and denial of a deficiency judgment, which are not specifically set out in the statute. White and Summers in their treatise on the Uniform Commercial Code discuss at length not only denial of deficiency judgment but possible tort liability incurred by a secured party for a breach of the peace under section 9—503. Therefore, recovery of a liquidated amount is by no means an exclusive remedy for a breach of the peace.

In my opinion, in this case, where there is no dispute that a breach of the peace occurred in the attempted repossession of plaintiff's truck by the bank, the plaintiff has its choice of remedies under 9—507. Merely because the plaintiff may not be effectively compensated by the liquidated amount or there has been no disposition of the collateral does not foreclose recovery under 9—507, nor does it means that the bank has no liability for failing to comply with 9—503. The proper action in this case, when the collateral has little or no value due to its destruction in the hands of the secured party, is conversion. Because the repossession was not accomplished by lawful means as acknowledged by both parties, the collateral was never rightfully in possession of the bank, although the bank certainly exercised control over the truck. Although there are no cases in Illinois where a debtor has maintained an action for conversion for a breach of the peace under 9—503, there is considerable authority in other jurisdictions for maintaining a conversion suit against a secured party when force or threat of force is used to obtain possession. (See A.B. Lewis Co. v. Robinson (Tex. Civ. App. 1960), 339 S.W.2d 731; Thrasher v. First National Bank (Fla. App. 1974), 288 So. 2d 288; Victor v. Fairchild Motor Corp. (La. App. 1942), 8 So. 2d 566; Douglas Motor Co. v. Watson (1942), 68 Ga. App. 335, 22 S.E.2d 766, and Thompson v. Ford Motor Credit Co. (D.S.C. 1971), 324 F. Supp. 108.) In Henderson v. Security National Bank (1977), 72 Cal. App. 3d 764, 140 Cal. Rptr. 388, a California court confronted the agency argument upon which the majority based its decision and found that conversion "[does] not depend upon authorization, or ratification, or upon the knowledge, or

intent, or bad faith of the Bank." (72 Cal. App. 3d 764, 770, 140 Cal. Rptr. 388, 391.) In *Henderson*, the Bank had employed an independent contractor (a licensed repossessor) to repossess plaintiff's Cadillac. The plaintiff alleged that his garage door lock was broken during the repossession of the automobile in violation of section 9503 of the California Uniform Commercial Code. The court in *Henderson* found that a conversion action against the bank was proper because "the *** right of redress [in a conversion action] no longer depends upon his showing *** that the defendant did the act in question from wrongful motives, or generally speaking, even intentionally; and hence the want of such motives, or of intention, is no defense." (72 Cal. App. 3d 764, 770-71, 140 Cal. Rptr. 388, 391.) Therefore, this is not a matter of imposing absolute liability on the bank but rather redressing the plaintiff for the injury imposed for the unlawful deprivation of his property.

These cases are consistent with the law of conversion in Illinois. The essence of a conversion action is the wrongful deprivation of property to the owner or person entitled to possession. Malice is not a necessary element. (See *Associates Discount Corp. v. Walker* (1963), 39 Ill. App. 2d 148, 188 N.E.2d 54.) Therefore, the bank's knowledge that the repossessors breached the peace is immaterial and, as the court stated in *Henderson*, the bank need not authorize or ratify the activities of the repossessor in order to be liable for conversion.

In my opinion, the bank is liable for the damages to the truck after it wrongfully repossessed the truck. Section 9—503 provides that self-help repossession can only be accomplished if the peace is not breached. Plaintiff had a right to possession of the truck which the bank held unlawfully. The bank prevented operation of section 9—504, not the plaintiff, and is, therefore, liable at a minimum for the diminution in value of the collateral while it was wrongfully held. I believe the plaintiff stated a reasonable theory for recovery against the bank under the Code, and I would reverse the trial court's decision granting summary judgment in favor of the bank.